UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 99-40582
Summary Calendar
_____

JOSEPH N. BREAUX, and all others similarly situated,

Plaintiff-Appellant,

VERSUS

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

February 14, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Joseph N. Breaux ("Breaux") appeals the district court's dismissal of his class action lawsuit under Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies. We affirm for the alternate reason that Breaux lacked standing to bring this lawsuit. *See* **Bickford v. Int'l Speedway**, 654 F.2d 1028, 1031 (5th Cir. 1981).

Article III of the United States Constitution limits federal

courts' jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) traceable to the defendant's challenged conduct; and (3) likely to be redressed by a favorable decision of this Court.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The Supreme Court has described the injury requirement for standing as an "injury in fact" that is "distinct and palpable" and not "abstract," "conjectural," or "hypothetical."  *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Because Breaux did not allege that any of his mail was untimely delivered by Express Mail, he has not alleged an injury in fact caused by his use of the Express Mail service.  Accordingly, Breaux lacked standing to bring this class action lawsuit.  Neither do we find any merit in Breaux's argument that his lawsuit is not about the failure of the Postal Service to timely deliver his mail, but rather "the failure of the USPS to notify a postal patron when [] a claim [for a refund] accrues or becomes applicable, and to obtain restitution on a statically [sic] valid basis."  Even assuming the Postal Service had the duty to notify postal patrons of late deliveries, which is not supported by the face of the Express Mail contract, Breaux did not show that the Postal Service breached this duty to him personally such that he suffered an actual injury from his use of the Express Mail service.  The

district court's dismissal of this action is therefore AFFIRMED.