United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20460

DEBRA DONNA HOSEIN,

Plaintiff-Appellant,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; EDUARDO AGUIRRE, JR, Director of Citizenship and Immigration Services; HIPOLITO ACOSTA, Houston District Director, Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:

In this declaratory judgment action, the district court dismissed the appellant's claim that her citizenship should be backdated in order to effectuate citizenship for her son. Because we find that the appellant has no standing, we affirm the district court's dismissal.

## I. FACTS AND PROCEEDINGS

Plaintiff-Appellant Debra Hosein and her husband lawfully entered the United States in 1981,

1

and in 1983 they were joined by Hosein's infant son from a previous marriage. In October 1996, Hosein and her husband both filed naturalization applications; she alleges they submitted the applications in the same envelope. Hosein's husband was granted citizenship in October 1997; Hosein was not granted citizenship until March 1999. Hosein alleges that the only difference between the two applications was the presence, on hers, of information related to her son.[1] In December 1997, Hosein's son pleaded guilty to committing a felony. In the period between Hosein's husband's naturalization and Hosein's naturalization, Hosein's son reached the age of majority, thereby becoming ineligible for automatic citizenship under 8 U.S.C. § 1432 (repealed). Because of his felony conviction, Hosein's son underwent deportation hearings and received a final order of removal on July 7, 2005. During her son's deportation process, Hosein requested that the District Director of the Bureau of Citizenship and Immigration Services ("BCIS") backdate her naturalization to October 1997, the date her husband was granted citizenship. Had Hosein been a citizen at that earlier date, she alleges, her son would have become a citizen then as well, and he would not now be deportable. Because Hosein had not met several threshold application requirements[2] as of October 1997, the District Director denied the request and stated that the "statutory prerequisites to naturalization . . . cannot be back-dated by a nunc pro tunc order."

After the denial, Hosein filed in district court for a declaratory judgment that her citizenship be recognized as of October 1997. Hosein's claim rests on equal protection grounds, alleging that

---

[1]Hosein's son, before and during his mother's application process, was a lawful permanent resident alien.

[2]According to the government, the outstanding requirements included FBI fingerprinting, a demonstration of Hosein's skills in English, History, and Government, and approval of her application.

2

a violation occurred because of the different processing times of the two applications. Acting on a government motion to dismiss under Rule 12(b)(6), the district court dismissed the case with prejudice.[3] Hosein timely appealed.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's dismissal under FED. R. CIV. P. 12(b)(6). *Chiras v. Miller*, 432 F.3d 606, 610 (5th Cir. 2005). "In reviewing the district court's ruling we must treat all facts pleaded as true, and should construe the pleadings in the manner most favorable to the non-moving party." *Id.* at 611. "A claim will not be dismissed unless the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005). We may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record, including a party's lack of standing. *See R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005); *Breaux v. U.S. Postal Serv.*, 202 F.3d 820, 820 (5th Cir. 2000) (per curiam).

## III. DISCUSSION

"In a case of actual controversy within its jurisdiction," the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. This circuit interprets the § 2201 "case of actual controversy" requirement to be coterminous with Article III's "case or controversy" requirement. *See Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997); *Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir.

---

[3]The district court did not give reasons for dismissing this action under Rule 12(b)(6). In its motion to dismiss, the government asserted that neither the BCIS nor the district court had the authority to backdate Hosein's citizenship. After taking up this case on appeal, this court noted a potential issue with Hosein's standing to pursue the claim. Accordingly, we requested and received supplemental letter briefs regarding the standing issue.

3

1989).  If the plaintiff does not satisfy the requirement, this court is without jurisdiction.

To have Article III standing, a plaintiff must meet three required elements:

(1) that the plaintiff have suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent"; (2) that there is "a causal connection between the injury and the conduct complained of"; and (3) that the injury is likely to be redressed by a favorable decision.

*Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The burden is on the plaintiff to establish by a preponderance of the evidence the existence of an actual controversy.  *See West Publ'g*, 882 F.2d at 175.  Standing clearly exists when a plaintiff alleges direct economic harm.  *See, e.g.*, *Okpalobi v. Foster*, 190 F.3d 337, 350 (5th Cir. 1999).  Standing may exist when a plaintiff alleges non-economic injury, but such non-economic injury nonetheless must be "particular, direct, and concrete."  *ASARCO Inc. v. Kadish*, 490 U.S. 605, 616 (1989) (noting that non-economic injuries do not confer standing "even if they might be understood to lead to the psychological consequence presumably produced by observation of conduct with which one disagrees." (internal quotation omitted)).

Hosein seeks a remedy for a problem that, as to her, does not exist.  After all, she was granted citizenship, and she claims no personal damages, *e.g.*, the denial of some individual benefit of citizenship, stemming from the differing timetable by which the government completed action on her and her husband's applications.  Rather, were she naturalized at the earlier date, her son—who is a competent adult, not a minor[4]—would have become a citizen prior to his felony conviction, and,

[4]In *Johns v. Dep't of Justice*, 653 F.2d 884, 892 n.20 (5th Cir. 1981), this court found a non-familial party enjoyed Article III standing to contest a deportation order of a third-party minor, not by representing the child in the proceedings but because of the "personal stake in the outcome" derived "by virtue of the four years spent raising" the minor.  *Johns* is distinguishable for many reasons,

therefore, now would be ineligible for removal. Since Hosein has alleged no injury-in-fact to herself, she has alleged no actual controversy that would permit the federal courts to exercise jurisdiction. Accordingly, she has no standing. *See Garcia v. Boldin*, 691 F.2d 1172, 1183 (5th Cir. 1982) (denying relief from a deportation order) ("[Petitioner's wife] and the children are United States citizens. The deportation order has no legal effect upon them. It does not deprive them of the right to continue to live in the United States, nor does it deprive them of any constitutional rights.").

## IV.  CONCLUSION

Because Hosein lacks standing to pursue her claim, we AFFIRM the district court's dismissal under FED. R. CIV. P. 12(b)(6).

---

including the minority age of the child and the statutory basis for the lawsuit.