IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50606
Summary Calendar

ROSA SERRANO

Plaintiff-Appellant

V.

HOUSING URBAN AND DEVELOPMENT

Defendants-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CV-429

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rosa Serrano appeals pro se from the district court's order granting the United States's motion to dismiss. The district court summarized the extensive background of this case in this way,

> From on or about October 4, 1993 through on or about May 19, 2005, this pro se Plaintiff initiated or participated in: four failed Chapter 13 Bankruptcy actions, two failed state court lawsuits and no less than five appeals before both the Courts of Appeals for the 8th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

District of Texas and the Texas Supreme Court, all motivated by a desire to prevent the foreclosure of a mortgage in financial default due to the failure of this pro se Plaintiff, and other family members to pay a legal obligation in accordance with the terms and conditions [of] a mortgage instrument and deed of trust. Undeterred, on February 3, 2006, Plaintiff then filed her "Original Petition for Intentional Infliction of Emotional Distress" in the United States District Court for the Western District of Texas, El Paso Division, against a number of defendants, including this federal defendant. See, Rose Serrano and Julian Serrano v. Union Planters Bank, et al., EP-06-CA-052-FM. In that complaint, she attempted to allege various and sundry causes of actions including: wrongful foreclosure, slander of title, violation of the Texas Property Code, violation of the Texas Deceptive Trade Practices Act (TDTPA) and the Texas Debt Collections Act (TDCA).

Serrano v. Union Planters Bank, N.A., No. EP-06-CA-0429-FM, 2007 WL 951612 at *1 (W.D. Tex. Mar. 19, 2007). The district court dismissed the complaint on April 26, 2006. The court found, among other problems, that the factual allegations were so vague that the court could not make out a cognizable cause of action.

Rosa Serrano then filed suit again, based upon the same basic set of facts, alleging claims of wrongful foreclosure, intentional infliction of emotional distress, wrongful death, violations of state and federal statutes related to foreclosures, and violation of the False Claims Act. The district court granted the United States's motion to dismiss, citing numerous grounds, including that the suit was barred by res judicata. Serrano appealed.

We may affirm on any ground supported by the record. Hosein v. Gonzales, 452 F.3d 401, 403 (5th Cir. 2007). Our review of the district court's res judicata determination is de novo. Test Masters Educ. Servs. Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). The district court correctly concluded that

Serrano's second suit was barred. Although she adds some new allegations, the two cases are based on the same "nucleus of operative facts." It is that nucleus which defines the claim. United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007). Accordingly, we AFFIRM.