# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2010

No. 09-30948
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL S LITTLE,

Plaintiff - Appellant

v.

USAA CASUALTY INSURANCE CO.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-cv-01021

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Michael S. Little ("Little") brought this suit against Appellee USAA Casualty Insurance Co. ("USAA"), alleging that USAA breached its duties under various insurance policies he purchased from USAA. Little appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30948

## I. FACTS AND PROCEDURAL HISTORY

Taking Little's well-pleaded factual allegations as true and viewing them in the light most favorable to him, the facts are as follows. Little was an employee of Chevron Corporation ("Chevron") for nineteen years. After leaving Chevron, Little sued his former employer in a Venezuelan court for severance benefits. Chevron responded by filing suit in California (the "Chevron Suit"), alleging that Little breached his employment contracts with Chevron by filing suit in Venezuela. The day after Chevron filed suit, Little gave USAA notice of the suit and requested defense coverage under the personal liability provisions in certain Homeowners policies and Umbrella policies he purchased from USAA (collectively, the "Policies").[1] Little purchased the Policies while he resided in Arizona in 2003, and the Policies were issued and delivered to him in Arizona. Little also resided in Arizona at the time this dispute arose.

After sending his request for coverage, Little spoke with a USAA representative about his claim. He informed the representative that, even though he was an attorney and had already prepared an answer to Chevron's complaint, he was going to allow the Chevron Suit to go into default if USAA did not hire an attorney for him. The representative informed Little that he could choose to file an answer himself, as he was a licensed attorney and had already prepared an answer, or he could choose to hire an attorney to file an answer for him. If Little chose the latter course of action, the representative stated that, in the event the Chevron Suit was covered, USAA would reimburse Little for any defense costs he incurred. The representative followed-up his conversation with

---

[1] In his complaint, Little sought coverage under two specific policies that he purchased in 2003: (1) Homeowners Policy No. CIC00263868490A; (2) Umbrella Policy No. CIC00263868470U. On appeal, Little appears to seek for the first time coverage under Homeowners and Umbrella policies issued after 2003. USAA disputes whether Little may seek coverage under those policies. We need not resolve this dispute. The terms of the subsequently issued policies are the same as the 2003 policies, so our affirmation of the district court's dismissal moots this dispute.

2

Little by sending him a letter restating the substance of their conversation and the suggestion he gave Little regarding the Chevron Suit (the "representative's letter").

USAA investigated Little's claim and determined that it was not covered. USAA informed Little of its decision in a letter denying his request for defense coverage (the "declination letter"). The declination letter informed Little that the Chevron Suit was not covered by the Policies because the suit did not seek recovery for damages caused by an "occurrence," as defined by the Policies.[2] The letter also included a number of other reasons why USAA believed that the Chevron Suit was not covered. The letter, however, did not purport to provide an exhaustive list of coverage defenses, and USAA expressly reserved the right to raise any other coverage defenses not mentioned in the letter.

Little disagreed with USAA's denial by sending a letter to the Chief Executive Officer of USAA (the "response letter"). In the response letter, Little alleged that USAA had misrepresented and misinterpreted the terms of the Policies in order to mislead him into thinking that the Chevron Suit was not covered by the Policies, when in fact it was. Little also reiterated his position that the Chevron Suit was malicious in nature and, therefore, covered by the Policies. USAA was unpersuaded by Little's letter and continued to deny coverage.

Because USAA refused to defend the Chevron Suit, Little brought this action against USAA, alleging that USAA breached its duty to defend and its duty to act in good faith under the Policies. Little also sought to estop USAA from denying defense coverage under the "Illinois Rule." To support his claims, Little referenced and relied upon the declination letter, the response letter, and

---

[2] Under the Policies' personal liability coverage, USAA agreed to defend any suit brought against Little if the "suit [was] brought against [him] for damages . . . caused by an occurrence."

No. 09-30948

the representative's letter in his complaint. USAA responded to Little's complaint by moving to dismiss it under Rule 12(b)(6). USAA attached to its motion to dismiss copies of the Policies. USAA's motion to dismiss was referred to a magistrate judge who recommended that Little's claims be dismissed. The district court agreed with the magistrate judge's recommendation and dismissed Little's complaint. This appeal followed.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's dismissal under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). The court may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

In reviewing the district court's dismissal, the court must "accept as true the well-pleaded factual allegations in the [plaintiff's] complaint," and "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In reviewing a dismissal under Rule 12(b)(6), the court may consider: (1) the pleadings and any attachment to the pleadings; (2) documents incorporated into the complaint by reference; and (3) documents that a defendant attaches to

its motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim (such as the insurance policies and underlying complaint in question here). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III. DISCUSSION

Little appeals the district court's dismissal of his claims under Rule 12(b)(6). Little asserts that the district court erred in finding that USAA did not have a duty to defend the Chevron Suit, and he argues that USAA should be estopped from denying such a defense. Little also argues that the district court erred in dismissing his claim that USAA breached the implied covenant of good faith and fair dealing in the Policies. We find that the district court did not err in dismissing Little's claims. Accordingly, we affirm.

### A. Choice of Law

In diversity cases, we apply the law of the forum state to determine which state's law applies. *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (citing *Woodfield v. Bowman*, 193 F.3d 354, 359 n. 7 (5th Cir. 1999)). Here, the forum state is Louisiana, so we apply its choice of law provisions.

The Louisiana Civil Code's generally-applicable choice of law article specifies that "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." LA. CIV. CODE art. 3515. Specifically regarding contracts, the Code instructs courts to assess the strength of the relevant policies of the involved states in light of the place of negotiation, formation, and performance of the contract as well as the location of the object of the contract. LA. CIV. CODE art. 3537. Applying these principles, Louisiana courts generally choose "the law of the state where the insurance contract was issued and

executed." *See Am. Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 286 n.2 (5th Cir. 2009); *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999) ("Louisiana courts generally choose the law of the state in which the insurance policy in question was issued to govern the interpretation of the terms of the policy.") (citing *Anderson v. Oliver*, 705 So. 2d 301, 305-06 (La. Ct. App. 1998); *Holcomb v. Universal Ins. Co.*, 640 So. 2d 718, 722 (La. Ct. App. 1994)).

The Policies here were issued and delivered to Little in Arizona, where he resided at the time this dispute arose, and both Little and USAA agree that Arizona law governs this dispute. Accordingly, we conclude that Arizona law governs.

**B. Duty to Defend**

Little argues that the district court erred in finding that USAA had no duty to defend the Chevron Suit under the Policies' personal liability coverage because the Chevron Suit allegedly constitutes a claim for "malicious prosecution." Under Arizona law, an insurance policy's "'language controls the scope and extent of an insurer's duty to defend,'" *Lennar Corp. v. Auto-Owners Ins. Co.*, 151 P.3d 538, 543 (Ariz. Ct. App. 2007) (quoting *Cal. Cas. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 505, 508 (Ariz. Ct. App. 1996)), and the policy's language must be given its "plain and ordinary meaning," *Nat'l Bank of Ariz. v. St. Paul Fire & Marine Ins. Co.*, 975 P.2d 711, 713-14 (Ariz. Ct. App. 1999). "When the policy language is clear, [the court] may not invent ambiguity and then resolve it to find coverage where none exists under the policy." *Id*. After reviewing the terms of the Policies at issue, we find that the district court did not err in dismissing Little's duty to defend claim.

No. 09-30948

Under the Homeowners policies'[3] and the Umbrella policies'[4] personal liability coverage, USAA only had a duty to defend the Chevron Suit if the suit alleged facts, or USAA was made aware of facts, that showed that the suit was against Little for damages because of "personal injury" or for damages caused by an "occurrence." *See U.S. Fid. & Guar. Corp. v. Advance Roofing & Supply Co.*, 788 P.2d 1227, 1231 (Ariz. Ct. App. 1989) (stating that an insurer must determine whether a complaint ostensibly falls within the coverage terms of an insurance policy, thereby triggering its duty to defend, by considering the allegations in the complaint and any facts that its insured has come forward with regarding the complaint). The Policies define "personal injury," in relevant part, as "malicious prosecution."[5] Similarly, the Policies define "occurrence," in relevant part, as "an event or series of events . . . caused by an act or omission of [Little], which results . . . in [malicious prosecution] . . . ." These definitions show that USAA had only a duty to defend Little if the Chevron Suit sought

---

[3] The Homeowners policies' defense language is as follows:

COVERAGE E - Personal Liability

If a claim is made or a suit is brought against any insured for damages because of bodily injury, property damage or personal injury caused by an occurrence to which this coverage applies, we will:

. . .

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.

[4] The Umbrellas policies' defense language is as follows:

If a claim is made or a suit is brought against any insured for damages caused by an occurrence to which Liability Coverage applies, we will provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. However, we will not provide this coverage if the occurrence is covered by underlying insurance or any other liability insurance available to any insured.

[5] The Homeowners policies and the Umbrella policies, in relevant part, contain identical definitions of "occurrence" and "personal injury."

7

either: (1) damages because of a malicious prosecution by Little; or (2) damages for a malicious prosecution resulting from an act or omission of Little. The Chevron Suit sought damages for neither. Instead, the Chevron Suit sought damages for Little's alleged breach of his employment contracts. As a consequence, the Chevron Suit did not fall under the Policies' personal liability coverage and, therefore, USAA had no duty to defend the suit.

As the clear and unambiguous terms of the Policies show, Little cannot prove that USAA had a duty to defend the Chevron Suit, and Little's characterization of the suit itself as a "malicious prosecution" is irrelevant to determining whether the suit is covered by the Policies. Accordingly, we find that the district court did not err in dismissing Little's duty to defend claim.

## C. Illinois Rule

Little also argues that the district court erred in dismissing his claim that USAA should be estopped from denying coverage under the "Illinois Rule." Under the "Illinois Rule," if a court determines that an insurer violated its duty to defend, the insurer is estopped from denying coverage. *See, e.g.*, *Solo Cup Co. v. Fed. Ins. Co.*, 619 F.2d 1178, 1184 (7th Cir. 1980) ("If, however, we determine that the duty of defense was violated, the applicable Illinois law holds that the insurer is estopped to deny coverage."); *Hirst v. St. Paul Fire & Marine Ins. Co.*, 683 P.2d 440, 447 (Idaho Ct. App. 1984) (stating that the "'Illinois Rule' . . . holds that where the insurer violates its duty to defend, the insurer is estopped to deny coverage"). Assuming *arguendo* that Arizona recognizes the Illinois Rule, Little cannot prove that the rule is applicable in this case because he cannot prove that USAA violated its duty to defend. The district court, therefore, properly dismissed Little's estoppel claim.

## D. Covenant of Good Faith and Fair Dealing

In his complaint, Little also alleges that USAA is liable in tort for breaching the Policies' implied covenant of good faith and fair dealing. Little

alleges that USAA breached the implied covenant by: (1) misrepresenting the Policies' terms in the declination letter; (2) "callously" suggesting in the representative's letter that he represent himself in the Chevron Suit; and (3) failing to retract the alleged misrepresentations and erroneous coverage position found in the declination letter.[6]

The parties dispute whether Arizona law permits a claim for bad faith if the insurer correctly denied coverage. Even assuming, however, that there could be cases where a breach of the duty of good faith and fair dealing could be found in the absence of coverage, this case is not among them. Here, the same undisputed facts that defeat Little's coverage claim also defeat his bad faith claim. The declination letter and the representative's letter provide the only factual content for Little's claims. Little essentially contends that, because the Chevron Suit was covered, these letters misrepresent coverage by contending that it is not covered. Of course, we have determined that the district court correctly dismissed his claim for coverage against USAA, so any claim based upon these alleged misrepresentations fails.[7]

In addition, Little claims that USAA flagrantly and falsely misrepresented the extent of the Homeowners policies' breach of contract coverage. To support his claim, Little isolates the following two sentences from the declination letter:

---

[6] After the briefing in this case was complete, Little made an additional argument in a Rule 28(j) letter to support his claim for bad faith; specifically, Little alleged that USAA should be held liable for bad faith because its lawyers misrepresented to the district court that his policies with USAA had expired. Little did not make this argument in his initial appellate brief. Accordingly, we find it waived and do not address it. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.2 (5th Cir. 1996) (finding waived and refusing to consider an argument not made in an appellant's initial brief).

[7] To the extent that Little is alleging a claim for bad faith based solely on USAA's denial of his claim, the court's finding that USAA had no duty to defend means that such a claim fails as a matter of law. *See Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 646 (Ariz. Ct. App. 2001) ("We agree that a bad faith claim based solely on a carrier's denial of coverage will fail on the merits if a final determination of noncoverage ultimately is made."). The court's finding also shows that USAA's coverage position was not "erroneous" as Little alleges.

"The Homeowners Policy protects the insured from liability claims arising in tort . . . . Liability arising from breach of contract is not afforded coverage under the policy."[8]  In order to allege bad faith, Little had to allege facts showing that USAA made its statements knowing that it lacked any reasonable basis for them.  *See Deese v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 1265, 1268 (Ariz. 1992) (stating that an insurer can only be held liable for the tort of bad faith if "the insurer knew that its conduct was unreasonable"); *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Ariz. 1986) ("[T]he insurer must intend the act or omission and must form that intent without reasonable or fairly debatable grounds.").  Little has failed to allege such facts, and, instead of doing so, he merely directs the court to the declination letter.  The letter, however, does not contain any facts that would allow the court to infer that USAA acted in bad faith.  To the contrary, the letter only contains facts showing that USAA acted knowing that it had a reasonable basis for its statements.

In alleging that USAA misrepresented the Homeowners policies' breach of contract coverage, Little omits the fact that USAA quoted in full the Homeowners policies' contractual liability exclusion (the "Contract Exclusion"), even the exclusion's two exceptions, which are both inapplicable to Little's claim.[9]  The letter also shows that USAA's general statements mirrored the

---

[8]  Little also alleges that this statement misrepresents the Umbrella policies' contractual liability coverage.  The declination letter, however, shows that these statements were only made in regard to the Homeowners policies.  Moreover, these statements could not have misrepresented the Umbrella policies' contractual liability coverage, because the Umbrella policies state in relevant part, that "[l]iability arising out of any contract or agreement" is excluded from coverage.

[9]  The Contract Exclusion in the Homeowners policies states: "Coverage E - Personal Liability does not apply to . . . liability . . . under any contract or agreement."  There are only two exceptions to this exclusion: (1) written contracts "that directly relate to the ownership, maintenance, or use of an insured location;" and (2) written contracts "where the liability of others is assumed by the insured prior to an occurrence."  Although neither of the exceptions is conceivably applicable to the Chevron Suit, Little asserts in his brief that the second exception applied to the Chevron Suit.  According to Little, the Chevron Suit was based on a

terms of the Contract Exclusion, which excludes from coverage all "liability . . . under any contract or agreement." Moreover, the letter shows that the statements isolated by Little were found in a paragraph explaining to Little that the Chevron Suit was excluded from coverage under the Homeowners policies because the suit sought to impose liability under Little's employment contracts.[10] Because Little has failed to allege any facts showing that USAA knew that it had no reasonable basis for its description of the Homeowners policies' contractual liability coverage, the court cannot reasonably infer that USAA acted in bad faith.

Little's final allegation of misrepresentation is that USAA misrepresented the applicability of the Policies' intentional acts and business pursuits exclusions. However, a review of the complaint and the documents that Little cites in support of his complaint shows that the USAA did not misrepresent the exclusions.

In summary, a review of Little's complaint, the Policies, and the declination letter shows that USAA did not misrepresent coverage under the Policies or misrepresent the Policies' intentional acts or business pursuits exclusions. To the extent USAA misrepresented the Policies' breach of contract coverage, Little has failed to allege any facts showing that USAA made such a

---

"purported waiver of Venezuelan labor benefits" that he signed. The second exception, however, only applies to contracts "where the liability of *others* is assumed by the insured . . . ." (emphasis added). Little does not allege that his waiver included any assumption of any other party's liability; therefore, his assertion that the second exception applied to the Chevron Suit is without merit.

[10] To support his allegation of bad faith, Little also relies on language in the Homeowners policies delineating USAA's defense obligation, as well as cases interpreting that language to include both tort and contract liability. While USAA's defense obligation is written broadly, it is subject to the Homeowners policies' exclusions, including the Contract Exclusion, so the fact that USAA's defense obligation is written broadly does not mean that USAA misrepresented the policies' contractual liability coverage.

No. 09-30948

misrepresentations in bad faith.[11]  Accordingly, Little's mere allegation that USAA made misrepresentations, and failed to retract them, does not provide the court with a reasonable basis for inferring that USAA is liable for bad faith.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 390 (5th Cir. 2010) (affirming the dismissal of a plaintiff's misrepresentation claim after a review of the relevant document showed that the defendant did not make any misrepresentations).

## IV. CONCLUSION

Little's complaint and the relevant documents he cites in support of his complaint do not contain sufficient factual content to allow the court to reasonably infer the following: (1) that USAA breached its duty to defend, (2) that USAA should be estopped from denying defense coverage, or (3) that USAA was liable in tort for breaching its duty of good faith and fair dealing. Accordingly, we AFFIRM the district court's Rule 12(b)(6) dismissal of Little's claims.

---

[11]  Similarly, Little's contention that USAA's suggestion that he file an answer to the lawsuit was "callous" does not support a claim for bad faith because Little has failed to allege any facts showing that USAA lacked any reasonable basis for making its suggestion.