# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30825
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

RICKY GIPSON,

Plaintiff-Appellant

v.

TIM WILKINSON; VIRGIL LUCAS; TOMMY GLOVER; JAY TIM MORGAN; WARDEN STEVENS; MILDRED MILTON; MR. JOHNSON; MR. SANDERS; PETER FLOWERS; MR. MAC; JIMMY TURNER; ALFONZO PACHECO; PAT THOMAS; INSURANCE COMPANY OF CORRECTIONS CORPORATION OF AMERICA OF TENNESSEE, L.L.C.; WINN CORRECTIONAL CENTER; PRISON ENTERPRISE GARMENT FACTORY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-524

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Ricky Gipson, Louisiana prisoner # 325027, seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that he was subjected to strip and visual body cavity searches without reasonable justification in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the Fourth Amendment.  Gipson also alleged that his constitutional rights were violated because he was sexually harassed by a homosexual prison official, he was exposed to infectious diseases during the searches, he was exposed to toxic fumes, and his prison grievances were denied.  The district court dismissed the complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Accordingly, our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

We first address Gipson's claims that the searches here were unreasonable because they were conducted in the absence of any penological justification.  Under the Fourth Amendment, "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed."  *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994) (internal quotation and citation omitted).  In analyzing the reasonableness of the searches, the district court was required to balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusions, the manner in which they were conducted, the justification for them, and the places in which they were conducted.  *See Watt v. City of Richardson Police Dep't*, 849 F.2d 195, 196-97 (5th Cir. 1988).  Accepting Gipson's allegations as true, which we must, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), there was no justification, penological or otherwise, for the searches conducted in this case.  Dismissal for failure to state a claim was premature and thus inappropriate because the facts Gipson alleges could entitle him to relief for a Fourth Amendment violation.  *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999).  Accordingly, we vacate the dismissal as frivolous and for failure to state a claim of Gipson's Fourth Amendment challenge to the strip and body cavity searches and remand the case for further proceedings.

No. 13-30825

Gipson's sexual harassment claim fails because verbal abuse and threatening language and gestures do not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). His claim regarding the conditions of the room in which he was searched likewise fails because he has failed to allege facts showing the prison officials acted with deliberate indifference. *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). In particular, Gipson alleges only that he was searched in a small, unsanitary room with prisoners infected with infectious diseases, which exposed him to those diseases. Finally, Gipson has abandoned his claims regarding exposure to toxic fumes and the prison grievance procedure because he has failed to brief them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Gipson's motion for leave to file a supplemental brief is granted.

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION GRANTED.