# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50135

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2014

Lyle W. Cayce
Clerk

JAMES WALTER LEGATE,

Plaintiff-Appellant

v.

JAMES D. GARCIA, Sr. Trace Analyst; TIMOTHY C. FALLON, Director, Bexar County Forensic Science Center Criminal Investigation Lab,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-841

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Walter Legate, Texas prisoner # 888549, moves for leave to proceed in forma pauperis (IFP) on appeal of the dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Legate's complaint as barred by the applicable statute of limitations. The district court certified that the appeal had not been taken in good faith and denied Legate permission to proceed IFP on appeal. Legate argues that he did not discover the facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying his claim until he obtained a copy of the gunshot residue test report in April 2012.

By moving to proceed IFP, Legate is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Legate's complaint based on expiration of the two-year statute of limitations was erroneous because, under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), Legate's § 1983 cause of action has yet to "accrue." *See Castellano v. Fragozo*, 352 F.3d 939, 959 (5th Cir. 2003); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). Nevertheless, any claim that Legate was wrongly convicted based on due process violations at trial would necessarily imply that his conviction is invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). Legate has not shown that his conviction has been invalidated by official action. Therefore, his claims are barred by *Heck* and are not yet cognizable in a § 1983 action. *See Heck*, 512 U.S. at 486-87; *Cronn v. Buffington*, 150 F.3d 538, 541 & n.2 (5th Cir. 1998). We may affirm the district court's dismissal on any basis supported by the record. *See Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

In view of the foregoing, Legate has not shown that he will present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

No. 14-50135

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Legate is advised that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.