# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

No. 14-30814

CHARLES H. LEE, JR.,

Plaintiff-Appellant

v.

LEE WADE, Correctional Officer, Louisiana State Prison; BURL CAIN, Warden, Louisiana State Prison; JAMES LEBLANC, Secretary of State; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-272

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles H. Lee, Jr., Louisiana prisoner # 386633, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Lee's complaint for failure to state a claim due to his failure to exhaust administrative remedies. It certified that the appeal had not been taken in good faith and denied Lee permission to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP on appeal.  Lee argues that the dismissal of his complaint was error and was based on an incomplete record.

By moving to proceed IFP, Lee is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Whether the complaint clearly established that Lee failed to exhaust his administrative remedies prior to filing suit is arguable.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Thus, Lee has raised a nonfrivolous ground for appeal.  Accordingly, his motion for IFP is granted.  However, we dispense with further briefing in this appeal and, for the following reasons, affirm the district court's judgment.

We may affirm the district court's dismissal on any basis supported by the record.  *See Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).  Any claim that Lee was issued a false disciplinary case due to racial discrimination would necessarily imply that his disciplinary conviction is invalid.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Lee has not shown that his disciplinary conviction has been invalidated by official action.  Therefore, his claims are barred by *Heck* and are not at this point cognizable in a § 1983 action.  *See Heck*, 512 U.S. at 486-87; *Cronn v. Buffington*, 150 F.3d 538, 541 & n.2 (5th Cir. 1998).

IFP MOTION GRANTED; JUDGMENT AFFIRMED