# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2017

Lyle W. Cayce
Clerk

RICKY GIPSON,

Plaintiff-Appellant

v.

TIM WILKINSON; VIRGIL LUCAS; TOMMY GLOVER; JAY TIM MORGAN; WARDEN STEVENS; MILDRED MELTON; THEODORE JOHNSON; BOBBY SANDERS; PETER FLOWERS; MAC; JIMMY TURNER; ALFONZO PACHECO; PAT THOMAS; INSURANCE COMPANY OF CORRECTIONS CORPORATION OF AMERICA OF TENNESSEE, L.L.C.; WINN CORRECTIONAL CENTER; PRISON ENTERPRISES GARMENT FACTORY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-524

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.
PER CURIAM:[*]

Ricky Gipson, Louisiana prisoner # 325027, appeals the dismissal of his 42 U.S.C. § 1983 complaint following the district court's grant of summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment. This court reviews a grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

In his complaint, Gipson alleged that he was routinely and unconstitutionally strip searched and subjected to visual body cavity searches without probable cause. The district court granted summary judgment in favor of all defendants, with prejudice, concluding that the searches were justified and related to the legitimate penological interest of prison security. The district court also dismissed Gipson's claims, without prejudice, against numerous defendants for lack of service.

The Supreme Court recognized in *Bell v. Wolfish*, 441 U.S. 520, 558-59 (1979), that controlling the flow of contraband is a legitimate penological interest. In this case, the affidavits submitted by prison officials show that the challenged search policies were aimed at preventing the flow of contraband from outside drivers - who delivered supplies to the garment factory and who routinely mingled with prisoners - to prisoners working in the garment factory and later to prisoners in the main prison and to prevent the removal of items from the garment factory that could be used as weapons. Gipson offered nothing to rebut prison officials' reasonable justification for the strip and visual body cavity searches. Thus, Gipson has not shown that the district court erred in granting summary judgment in favor of defendants on his Fourth Amendment claims.

Gipson urges this court to consider his claim that the searches violated the Eighth Amendment and the 14th Amendment. However, in this circuit,

No. 15-30682

the Fourth Amendment provides the proper framework in which to analyze such a claim. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999). The district court dismissed Gipson's claims regarding sexual harassment, the conditions of the room in which he was searched, and his exposure to toxic fumes for failure to state a claim, and we affirmed the dismissal of those claims in Gipson's first appeal. *Gipson v. Wilkerson,* 562 F. App'x 256, 257-58 (5th Cir. 2014). Thus, those claims are not before the court in the present appeal. Finally, because Gipson has not shown that the district court erred by granting summary judgment in favor of all defendants, *see Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001), we do not address Gipson's argument that the district court erred by dismissing, without prejudice, the unserved defendants due to their failure to timely raise a lack of service defense. *See Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

The district court's judgment is AFFIRMED.