# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-20321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2017

Lyle W. Cayce
Clerk

———————

JAYSON GRUMBLES,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, in his individual capacity; ABBAS KHOSHDEL; JANE DOE; R. VALLADARES; MYRA L. WALKER; JOHN M. WYNN; BRENDA HOUGH; BETTY WILLIAMS; B. DAVIES; ROBERT KANE; CATHY MCPEAK; LESLIE PICKENS; BARBRA JONES; OWEN MURRAY; JAMMIE BARKER; DAWN E. MERCHANT; JOHN DOE; K. STARKEY; BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, in his official capacity,

Defendants-Appellees

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3610

———————————

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jayson Grumbles, Texas prisoner # 1665230, proceeding pro se and in forma pauperis, filed the present 42 U.S.C. § 1983 complaint alleging that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellees were deliberately indifferent to his serious medical needs by denying him treatment for his Hepatitis C, from 2010 through 2015, while in the custody of the Texas Department of Criminal Justice (TDCJ), and failing to properly investigate his related complaints. The district court granted, in part, the appellees' Federal Rule of Civil Procedure 12(b) motions, dismissing all claims arising more than two years before Grumbles filed suit as barred by Texas's two-year statute of limitations. The district court also granted summary judgment in favor of the appellees and dismissed the appellant's § 1983 complaint with prejudice. The district court determined that the appellees were entitled to Eleventh Amendment immunity for claims brought against them in their official capacity and to qualified immunity for claims brought against them in their individual capacities.

The district court's dismissal of claims under Rule 12(b)(6) and the district court's grant of summary judgment are reviewed de novo. *See Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). We may affirm the district court's dismissal under Rule 12(b)(6) on any ground supported by the record. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006). We likewise may affirm the district court's grant of summary judgment on any ground supported by the record. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012).

There is no competent summary judgment evidence in this case showing that the appellees refused to treat Grumbles, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for Grumbles's serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To the contrary, the summary judgment evidence shows that, consistent with TDCJ Hepatitis C policy, Grumbles was followed in a Hepatitis C chronic care clinic while in

TDCJ custody and that his Hepatitis C was monitored and evaluated periodically through chronic care visits and medical testing. Although Grumbles's liver ultrasound was rescheduled on more than one occasion, the scheduling delays were, at most, the result of negligence, and negligence does not suffice to state a claim of deliberate indifference. *See id.* Moreover, there is no evidence that any delay in receiving the ultrasound resulted in any substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Indeed, the ultrasound showed no abnormalities. Additionally, there is no competent summary judgment evidence that Grumbles's liver was damaged as a result of any medical care that he did or did not receive while in the custody of the TDCJ. Neither his disagreement with that approach nor his opinion that he should have received a certain treatment raises a viable claim of deliberate indifference. *See Bauneulos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("[A] disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances.").

Thus, the district court did not err in granting summary judgment in favor of the defendants on the issue of qualified immunity. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). To the extent that Grumbles sought monetary damages from the defendants in their official capacities, the defendants were entitled to judgment as a matter of law on the basis of Eleventh Amendment immunity. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).

As for Grumbles's argument that the two-year statute of limitations should not have been applied in his case because the defendants' conduct constituted a continuing tort, the argument is unavailing. Given that the

competent summary judgment evidence, which included medical records from 2011 through 2015, showed that Grumbles received consistent care and monitoring for his Hepatitis C, the continuing-tort doctrine is inapplicable. Further, because the district court implicitly considered Grumbles's general grievances that he was denied care while in TDCJ custody, we do not reach the district court's exhaustion determination.

We reject Grumbles's challenges to the district court's decisions to stay discovery until the threshold question of qualified immunity was resolved and to deny Grumbles's motions for a temporary restraining order and for the appointment of counsel. It is common for a district court to order a stay in discovery when a court is considering an immunity defense, *see Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012), and Grumbles has not shown that he was entitled to the "extraordinary remedy" of a preliminary injunction, *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009), or that exceptional circumstances warranted the appointment of counsel, *see Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

Accordingly, the judgment of the district court is AFFIRMED. As this appeal presents no exceptional circumstances warranting the appointment of appellate counsel, the motion for the appointment of counsel is DENIED.