# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2013

Lyle W. Cayce
Clerk

KEITH MCCLAINE,

Plaintiff - Appellant

v.

BOEING COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-cv-2447

Before KING, DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

Keith McClaine appeals the district court's judgment dismissing with prejudice his complaint for employment discrimination against Boeing Company and denying him leave to amend his complaint. For the reasons that follow, we AFFIRM the judgment of the district court.

## I.     Factual and Procedural Background

Keith McClaine, an African-American, is a trained friction stir welder ("FSW"), and he worked for Lockheed Martin as an FSW until his employment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30416

was terminated. While at a job fair on January 29, 2010, McClaine applied for two different Manufacturing Technology Analyst ("MTA") positions with Boeing Company. Each MTA listing was identified by a specific requisition number: No. 09-1016866 and No. 09-1016874.[1] In April 2010, McClaine purportedly learned that Boeing hired four white individuals to fill No. 09-1016874.

McClaine filed a complaint with the EEOC alleging that Boeing discriminated against him on the basis of race, and he received a right-to-sue letter from the Commission. He timely filed this lawsuit on September 28, 2011, alleging racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. In response to the complaint, Boeing sent McClaine a letter advising him that on April 7, 2010, it had cancelled both requisition No. 09-1016866 and No. 09-1016874 and had not hired anyone to fill the positions. McClaine amended his complaint, this time alleging that Boeing hired four white individuals as FSWs, none of whom had any experience.

Boeing moved to dismiss the first amended complaint for failure to state a claim. The district court granted the motion, dismissing the complaint without prejudice. It explained that McClaine failed to allege sufficient facts to support a prima facie claim of employment discrimination under Title VII. Specifically, McClaine's complaint had not pled that he had applied to a job for which the employer was seeking applicants, that Boeing rejected him despite his qualifications, or that Boeing filled the position with someone not in his protected class. The order invited McClaine to move to amend his complaint.

---

[1] While not explicitly stated by the parties, it appears as if a requisition number identifies a category of employment, not just an individual position. Thus, Boeing may hire multiple individuals under a single requisition number.

2

No. 13-30416

McClaine timely moved to amend, and the court granted his motion, permitting him to file a second amended complaint. The second amended complaint once again acknowledges that both positions were cancelled, but it also asserts that McClaine "believes, but does not know, that Requisition [N]o. 09-1016874 was filled by at least one white male." He further states that on April 22, 2010, McClaine learned that Boeing hired six white individuals as FSWs, and that of the six, three had no experience and one had only limited experience as an FSW. Additionally, he alleges that as an FSW, he was qualified for a position under No. 09-1016874.

For a second time, Boeing moved to dismiss the complaint for failure to state a claim; for a second time, the court granted the motion. The district court held that the complaint did not contain sufficient facts to show that McClaine was qualified for the MTA positions. Also, since the positions to which McClaine applied had been cancelled, "it would have been impossible for the positions to have been filled by *anyone*, much less someone outside of [McClaine's] protected class." McClaine's belief that one of the positions was filled by a white male was insufficient, since it directly controverted his admission that Boeing cancelled the positions. The court dismissed McClaine's complaint with prejudice and expressly considered whether it would once again invite McClaine to amend his complaint. It ultimately declined to do so. The court explained that McClaine had already had two opportunities to correct his errors, the amendment would be futile, and additional leave to amend would prejudice Boeing.

3

No. 13-30416

McClaine timely appeals the district court's order dismissing his second amended complaint with prejudice and denying him leave to file a third amended complaint.[2]

## II.    Standard of Review

We review de novo the dismissal of a complaint for failure to state a claim, construing the complaint liberally in favor of the plaintiff and accepting all well-pleaded facts as true.[3] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the

---

[2] McClaine originally appealed the dismissal of both his first amended complaint and his second amended complaint, but in his reply brief, he abandoned his appeal of the court's dismissal of the first amended complaint.

[3] McClaine comments briefly that the underlying motion should be treated as one for summary judgment because his arguments to the district court included "matters outside the pleadings" and the district court allegedly considered those matters. "[W]hen matters outside the pleadings are considered, a motion for dismissal based on failure to state a claim is converted into a motion for summary judgment . . . ." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 n.7 (5th Cir. 1993). If the district court converts a motion to dismiss to a motion for summary judgment sua sponte, it must provide notice to the parties and an opportunity to respond. *Id.* However, the district court did not convert the motion, either sua sponte or on the motion of either party. While both parties attached exhibits to their briefs, it is permissible for the court to consider "documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint," in addition to the complaint itself. *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Moreover, the district court did not consider anything outside of the second amended complaint as a basis for granting Boeing's motion to dismiss. Thus, we consider this an appeal of an order granting a motion to dismiss for failure to state a claim.

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

We review a district court's order denying leave to file an amended complaint for abuse of discretion. *See City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). When the court's decision is based solely on futility, we review the matter de novo, using the standard for a motion to dismiss for failure to state a claim. *See Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). However, we will not review a court's refusal to grant the plaintiff leave to amend when the plaintiff has not expressly requested leave. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

### III.   Discussion

A. <u>Motion to Dismiss</u>

We analyze claims of racial discrimination under Title VII using a modified *McDonnell Douglas* framework. *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010) (per curiam). A plaintiff must first establish a prima facie case of discrimination at hiring, which includes four elements: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied and was qualified for an available position; (3) the plaintiff was rejected; and (4) the position was filled by an individual not in the plaintiff's protected class. *Cf. Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001); *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). If the plaintiff satisfies all four elements, then the employer must "articulate a legitimate, nondiscriminatory reason" for its decision. *Jackson*, 619 F.3d at 466 (citations omitted). Should the employer meet this burden, the burden shifts back to the plaintiff to show that the employer's legitimate, nondiscriminatory reasons are pretextual. *Id.*

No. 13-30416

The district court correctly held that McClaine has not pled facts sufficient to state a prima facie case for employment discrimination. At the fourth prong, McClaine must show that the employer hired an applicant who was not a member of McClaine's protected class. Yet, Boeing cancelled the positions to which McClaine applied. McClaine cannot show that non-African Americans were hired for the MTA positions if no one was hired for those positions. McClaine's subsequent statement that he "believes, but does not know," that Boeing filled one of the positions under No. 09-1016874 with a white individual, still fails to establish the fourth prong. His "belief" is speculative and directly contradicts his admission that both positions were cancelled.

McClaine alternatively analogizes the duties and responsibilities of an MTA under No. 09-1016874[4] to an FSW, arguing that the two are similar and that by filling the FSW positions, Boeing functionally filled the MTA positions under No. 09-1016874. This argument is unavailing. Even if we accept that MTA positions under No. 09-1016874 are similar to an FSW positions, they are not the same. The fact remains that McClaine did not apply to work as an FSW. Furthermore, there is no indication that Boeing considered the applications that it received for requisition No. 09-1016874 when hiring employees to fill the open FSW positions. It is irrelevant for our purposes that Boeing filled its FSW positions with white workers since McClaine never applied to work as an FSW. To hold that Boeing should consider applicants for positions that are similar to the position to which the applicant originally applied is not required by our Title VII jurisprudence.

---

[4] McClaine's briefs refer to requisition No. 09-10167874, but we assume this is a typographical error and that he is referring to No. 09-1016874.

No. 13-30416

McClaine failed to plead facts necessary to establish the fourth element of a Title VII discrimination claim. This is basis enough to affirm the judgment of the district court. Accordingly, we need not review the district court's holding that McClaine did not allege that he was qualified for the MTA position.

B. <u>Motion to Amend</u>

"A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Willard*, 336 F.3d at 387 (citation omitted). While the plaintiff need not file a formal motion to fill this requirement, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quotation and internal citation omitted).

McClaine never moved for leave to file a third amended complaint, nor did he request leave to amend in his response brief in opposition to Boeing's motion to dismiss. The district court's consideration of whether leave to amend was appropriate appears to have been sua sponte, but this does not resuscitate the claim. The district court's unsolicited discussion of whether to invite a plaintiff to move to amend is distinctly different from a plaintiff's actual request for, and argument in favor of, such relief. *See id.* Since McClaine did not request leave to amend his complaint, we may not consider this matter on appeal.

## IV.   Conclusion

For the aforementioned reasons, the district court's judgment is AFFIRMED.