# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2015

Lyle W. Cayce
Clerk

STEVE G. RUTH,

      Plaintiff - Appellant

v.

EKA CHEMICALS, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CV-165

Before REAVLEY, SMITH, and HAYNES,[1] Circuit Judges.

PER CURIAM:*

    Steve G. Ruth filed an age discrimination claim against Eka Chemicals. The district court granted the employer's summary judgment motion and Ruth appeals. We affirm the district court's judgment because Ruth failed to prove that age was the "but-for" cause of his employment termination.

---

[1] Judge Haynes concurs in the judgment only.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60467

Ruth worked for Eka Chemicals as a Chief Technician for seventeen years, during which time he sustained a non-work related ankle injury. The injury required several surgeries which resulted in Ruth being away from work on short-term disability. After a few months, Ruth's physician released him to return to work with considerable restrictions – no climbing, bending, stooping, squatting, pushing, pulling or lifting over 20 pounds. Eka allowed Ruth to return to work in a limited capacity, but the restrictions prevented him from performing the essential duties of his job. Ruth was permitted to train someone for a chief technician position, but due to the restrictions, was returned to short-term disability status. He was subsequently terminated for violating the company's disability policy when it was discovered that, while away from work, Ruth participated in activities such as golf, coaching softball and bending and lifting. Ruth contends that he was not prohibited from doing these activities as long as he was away from work and claimed that Eka terminated him because of his age in violation of the Age Discrimination in Employment Act (ADEA).

To prevail on an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S. Ct. 2343, 2351 (2009). The defendant has no burden of proof while plaintiff has this burden. Ruth would have to show that his employment was terminated only because of his age.

Ruth asserts that Eka's proffered reasons for the termination were pretextual, that he was replaced with someone younger, and that Eka had a pattern of age discrimination. However, he does not prove that he was dismissed only because of his age. Moreover, the assertion that Eka had a pattern of age discrimination was unsupported and inconsistent with the

2

No. 15-60467

record which reflects that at the time of Ruth's termination, seven of Eka's 11 chief technicians were age 48 and over.

AFFIRMED.