

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00034-CV
_____

ARNOLD JORDAN, APPELLANT

V.

TARRANT COUNTY HOSPITAL DISTRICT
D/B/A JPS HEALTH NETWORK, APPELLEE

_____

On Appeal from the 153rd District Court
Tarrant County, Texas[1]
Trial Court No. 153-271809-14, Honorable Susan H. McCoy, Presiding

_____

August 2, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Arnold Jordan, appeals the trial court's grant of summary judgment in favor of appellee, Tarrant County Hospital District d/b/a JPS Health Network, as to Jordan's claims of age, race, and disability discrimination[2] arising from JPS's failure to

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] All of Jordan's claims are brought pursuant to federal law. Specifically, Jordan's age discrimination claim is asserted under the Age Discrimination in Employment Act (ADEA). His race discrimination claims are asserted under Title VII of the Civil Rights Act of 1964 (Title VII), and 42 U.S.C.

hire Jordan for the position of Senior Psychiatric Tech.  We will affirm the summary judgment.

## Standards of Review

The propriety of a summary judgment is a question of law that we review de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  The applicable standards of review for a summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  JPS's motion presented both traditional and no-evidence grounds for summary judgment.  *See* TEX. R. CIV. P. 166a(c), (i).  When a party presents multiple grounds for summary judgment and the order does not specify the ground on which the trial court rendered summary judgment, the appellant must negate all grounds on appeal.  *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993).

When a movant files a no-evidence motion in proper form under Rule of Civil Procedure 166a(i), the burden rests on the non-movant to defeat the motion by presenting evidence that raises a genuine issue of material fact regarding the elements challenged by the motion.  *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.

§ 1981 (§ 1981).  His disability discrimination claim is asserted under the Americans with Disability Act (ADA).

2

2006).  In other words, the non-movant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied).  More than a scintilla of evidence exists when the evidence, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine issue of material fact exists and that it is entitled to a summary judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *see Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 431 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)).

Racial Discrimination

Jordan contends that he presented evidence that establishes a prima facie case of racial discrimination.  JPS responds that the evidence conclusively establishes that JPS's decision not to hire Jordan was not racially motivated.

Central to the parties' dispute regarding racial discrimination is determining what constitutes the essential elements of a racial discrimination claim.  The parties agree that the first three elements require the plaintiff to prove that he (1) is a member of a protected class, (2) applied for and was qualified for the position, and (3) was not hired.

3

*See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *McClaine v. Boeing Co.*, 544 Fed. Appx. 474, 477 (5th Cir. 2013) (per curiam). However, the parties dispute the fourth element that applies to this case. Jordan, relying on *McDonnell Douglas*, contends that the fourth element is met if he can show that the position Jordan applied for remained open and JPS continued to seek applicants from persons of Jordan's qualifications. *See McDonnell Douglas Corp.*, 411 U.S. at 802. JPS, relying on *McClaine*, contends that the fourth element requires proof that the position was filled by a person not in Jordan's protected class. *See McClaine*, 544 Fed. Appx. at 477.

We do not believe that these articulations of elements of a racial discrimination claim are in conflict. A prima facie case of racial discrimination can be established when an employer rejects a qualified member of a protected class while the position remains open and the employer continues to seek applicants from a pool of persons with plaintiff's qualifications. *See McDonnell Douglas Corp.*, 411 U.S. at 802. However, it cannot be said that an employer's employment decisions were racially motivated when, as here, the employer eventually hired a qualified person from the same protected group of which plaintiff is a member. Thus, we conclude that the *McDonnell Douglas* standard remains the applicable standard against which a plaintiff must establish his prima facie case of employment discrimination, but an employer ultimately hiring a person from plaintiff's protected class conclusively negates plaintiff's claim that the employer's rejection of plaintiff was racially motivated. *See McClaine*, 544 Fed. Appx. at 477.

4

In the present case, JPS presented evidence that established that it hired Aundra Conyer, an African-American, to fill the position for which Jordan applied. Jordan does not controvert this evidence. As such, we conclude that Jordan has failed to establish a prima facie case of racial discrimination and JPS is entitled to summary judgment as a matter of law. We overrule Jordan's challenge to summary judgment on his racial discrimination claims.

Disability Discrimination

Jordan also contends that he presented sufficient evidence to meet his prima facie burden that JPS committed disability discrimination. JPS responds contending that, *inter alia*, it did not know that Jordan suffered from a disability.

To establish a prima facie case of disability discrimination, Jordan had to show that he (1) has a disability, (2) was qualified for the position for which he applied, and (3) was subject to an adverse employment decision due to his disability. *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 695 (5th Cir. 2014). The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102. To prove a substantial limit to a major life activity, "[e]vidence of a medical diagnosis of impairment, standing alone, is insufficient to prove a disability." *Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 187 (1st Cir. 2011). At the summary judgment stage, plaintiff must produce sufficient evidence that his impairment is profound enough and of sufficient duration, given the nature of his impairment, to significantly restrict him in working. *Carroll v. Xerox Corp.*, 294 F.3d 231 (1st Cir. 2002).

5

To meet this burden, Jordan cites his affidavit in which he attests that he suffered a broken ankle while working for JPS in December of 2009, and that the injury "kept [him] off work" until December of 2011. However, due to Jordan's exhaustion of personal and FMLA leave, JPS terminated him before his release to return to work. While this evidence establishes that Jordan sustained an injury, it is not evidence of whether he is currently disabled within the meaning of the ADA. As to how the injury causes him to be disabled, Jordan simply attests that it "affects my major life activities of standing and walking." Other than attesting that he walks with a "limp," Jordan makes no effort to specify the extent to which the prior ankle injury affects his ability to stand and walk. As such, Jordan has failed to show that he is disabled within the meaning of the ADA. *See Figueroa Guzman v. WHM Carib, LLC*, No. 14-1345 (SEC), 2016 U.S. Dist. LEXIS 33783, at *9-10 (D.P.R. Mar. 14, 2016) (conclusory statements indicating that plaintiff's accident rendered him unable to lift heavy loads, prepare food, or chop vegetables not sufficient to establish disability under the ADA).

Since Jordan has failed to specify how his prior ankle injury substantially limits one or more of his major life activities, *see Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011), and because establishing that he has a disability is a threshold requirement to stating an ADA claim, s*ee Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003), we conclude that Jordan has failed to establish a prima facie case of disability discrimination. Therefore, we conclude that the trial court did not err in granting summary judgment to JPS on Jordan's disability discrimination claim.

Age Discrimination

Jordan contends that the evidence established a prima facie case of age discrimination. JPS responds that Jordan failed to raise a genuine issue of material fact regarding the essential elements of his prima facie age discrimination claim.

To establish a claim of age discrimination, Jordan must prove that he was qualified for the position, was not hired, and was within the protected class at the time he was not hired. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). In addition, Jordan must establish either that the person hired was substantially younger than him or that Jordan was otherwise rejected because of his age. *See id.* Furthermore, to prove age discrimination, Jordan was required to establish by a preponderance of the evidence that age was the "but for" cause of the prospective employer's adverse employment action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). Stated another way, a plaintiff must prove that the adverse employment action was taken solely because of his age. *See Ruth v. Eka Chems., Inc.*, 623 Fed. Appx. 281, 282 (5th Cir. 2015) (per curiam).

JPS filled the position Jordan applied for with Aundra Conyer, a forty-five year old. Jordan was fifty-nine at the time he applied for the position.[3] However, other than citing to this fact, Jordan makes no attempt to show, through his appellate brief, how JPS discriminated against him on the basis of his age. The only age discrimination-related argument advanced by Jordan in his brief is that the applicable "but for" standard for causation in an age discrimination case should be decided by a jury.

---

[3] Jordan's qualification for the position is not in dispute.

However, before we get to the point of determining the proper manner in which causation should be assessed, Jordan has to present some evidence to support his claim of age discrimination. After reviewing the record, we conclude that Jordan has wholly failed to do so. As such, we conclude that the trial court did not err in granting JPS's no-evidence summary judgment on Jordan's age discrimination claim.

## Conclusion

Jordan's claims of discrimination were asserted on three different bases. However, we have concluded that there is no genuine issue of material fact as to any of these bases and, therefore, JPS is entitled to judgment as a matter of law on each. As such, we overrule each of Jordan's appellate issues and affirm the trial court's grant of summary judgment in favor of JPS.


Mackey K. Hancock
Justice