# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2013

No. 12-10332
Summary Calendar

Lyle W. Cayce
Clerk

HYMON A. WALKER,

Plaintiff-Appellant

v.

JOHN L. HOWARD; BERNARDO DELUNA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-208

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Hymon A. Walker, Texas prisoner # 1014857, appeals the dismissal on summary judgment of his 42 U.S.C. § 1983 suit alleging that the defendants violated his Eighth Amendment rights by delaying his medical treatment for asthma. The district court held that the defendants were entitled to qualified immunity and, in the alternative, that there existed no genuine issue of material fact with regard to Walker's claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In the context of a party asserting immunity in a summary judgment motion, the moving party is not required to meet its summary judgment burden for a claim of immunity." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks, brackets, and citation omitted). Rather, a government official need only plead qualified immunity in good faith, which then shifts the burden to the plaintiff. *Id.* When a defendant pleads qualified immunity as a defense, the court must determine whether the facts alleged by the plaintiff set forth a violation of a constitutional right and whether the constitutional right was clearly established at the time of the alleged misconduct. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

A "prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To show deliberate indifference to his medical needs, "the plaintiff must establish that the jail officials were actually aware of the risk [of serious harm], yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

As Walker's suit is premised on the assertion that the defendants declined to contact medical staff because they disbelieved his asthma-related complaints, he cannot show that the defendants were "actually aware" that his health was at risk. *See id.* Although he argues that the defendants should have recognized the risk and contacted medical staff pursuant to applicable policies, "an official's failure to alleviate a significant risk that he should have perceived but did not,

while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528 (5th Cir. 1999). Walker fails to show a violation of his Eighth Amendment rights and, thus, fails to show that the district court erred by holding that the defendants were entitled to qualified immunity. *Ontiveros*, 564 F.3d at 382.

Walker argues that the district court held that the defendants were entitled to qualified immunity in their official capacities, although he sued them in their individual capacities as well. The defense of qualified immunity applies only to suits against defendants in their individual capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (holding that officials in their individual capacities "may . . . be able to assert personal immunity defenses," including qualified immunity, that are not available in official-capacity suits); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 371 (5th Cir. 2010) (stating that qualified immunity is "a defense that is only relevant to individual capacity claims"). By contrast, "a suit against a state official in his . . . official capacity is not a suit against the official but rather is a suit against the official's office," and thus is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does not provide for a remedy against the state; such an action is barred by the Eleventh Amendment. *Id.* at 66. Although the district court did not mention whether the defendants were being sued in their official or individual capacities, by holding that they were entitled to qualified immunity, the district court necessarily addressed their liability in terms of their individual capacities.

AFFIRMED.