# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50884
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2014

Lyle W. Cayce
Clerk

SHANNAN D. ROJAS,

Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.; HOME LOAN CORPORATION; HSBC BANK, USA, NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; MERSCORP, INCORPORATED; WENDY ALEXANDER, Trustee; BARRETT FRAPIER DAFFIN TURNER & ENGEL, L.L.P.,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-291

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff Shannan D. Rojas ("Rojas") appeals the dismissal of numerous claims asserted against Wells Fargo Bank ("Wells Fargo"), Home Loan Corporation ("HLC"), HSBC Bank ("HSBC"), Mortgage Electronic Registration

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50884

Systems ("MERS"), Wendy Alexander ("Alexander"), and Barrett Daffin Frapier Turner and Engel, L.L.P. ("BDFTE") (collectively, "the Defendants"), relating to foreclosure on her home.  We AFFIRM.

## I. Background

Rojas obtained a loan from HLC to purchase the property at issue.  She executed a Note and a Deed of Trust, which conveyed to the beneficiary the power to sell the property in the event of default.  The Deed of Trust listed MERS as a "beneficiary" and "nominee" for HLC, the original lender.  MERS assigned the Deed of Trust to HSBC.  When Rojas defaulted, HSBC, through its servicer Wells Fargo, appointed a substitute trustee, Alexander, who, along with its counsel, BDFTE, attempted to foreclose on the property.

Rojas sued in Texas state court, asserting several causes of action: (1) quiet title; (2) breach of contract; (3) violation of Chapter 12 of the Texas Civil Practice and Remedies Code; (4) violation of the Texas Property Code's notice provisions; (5) violation of the Texas Debt Collection Act ("TDCA");[1] and (6) violation of the Texas Deceptive Trade Practices Act ("DTPA").  The Defendants removed the action to Federal Court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  After Rojas moved for remand to state court, the district court granted the Defendants' motion and denied Rojas's motion.  Rojas timely appealed, arguing that the district court lacked subject matter jurisdiction because three of the defendants were not diverse. Rojas also argued that the district court erred in granting the Rule 12(b)(6) motion because it improperly held that: (1) MERS was entitled to transfer the Deed of Trust; (2) the assignment and appointment of Alexander as a

---

[1] Rojas does not appeal the district court's grant of the Defendants' motion to dismiss on the alleged violation of the TDCA. Arguments not raised in Rojas's opening brief on appeal are waived, and thus we decline to consider it.  *See Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006).

No. 13-50884

substitute trustee did not violate Chapter 12 of the Texas Civil Practice and Remedies Code; (3) Local Government Code § 192.007 is not a prerequisite to the effectiveness of assignments; and (4) Rojas has no claim under the DTPA because she is not a "consumer."

## II. Discussion

### A. Denial of Motion to Remand

We review the denial of a motion to remand *de novo*. *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013). Because the suit does not involve a federal question, the claim can only be removed to federal court if the matter exceeds $75,000, the parties are diverse, and none of the "*properly joined . . .* defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added); 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1441(a). It is undisputed that Rojas and three of the named defendants— HLC, Alexander, and BDFTE—are citizens of Texas. However, the Defendants argue that HLC, Alexander, and BDFTE were not properly joined, and therefore, the properly joined parties are diverse.[2] *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004). Improper joinder can be shown by demonstrating "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. As a result, we must perform a Rule 12(b)(6)-style review. *Id.*

Rojas attempts to insert HLC through her claims of quiet title and fraudulent activity under Section 12.002 of the Texas Civil Practice and Remedies Code. Rojas's quiet title claim against HLC is insufficient because a plaintiff must show, *inter alia*, that the property is adversely affected by a claim by the defendant. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. 2012). HLC

---

[2] The parties do not dispute that Wells Fargo, HSBC, and MERS are diverse defendants.

No. 13-50884

has not asserted an adverse claim on Rojas's property, and Rojas has failed to allege any asserted claim other than her notion that the transfer of interests in the Note by HLC should be considered an adverse interest. HLC merely originated the loan, and its assignment through MERS ended its involvement with the mortgage, so HLC has no adverse claim against the property. *See id.* Further, Rojas merely asserts conclusional statements that HLC committed fraud under section 12.002. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–59 (2007) (conclusional statements are not sufficient to withstand a motion to dismiss). As such, there is no reasonable basis for recovery, and HLC was improperly joined. *See Smallwood* 385 F.3d at 572–73.

Rojas attempts to join Alexander and BDFTE by claiming they are liable under the Texas Civil Practice and Remedies Code Section 12.002 when they attempted to foreclose on the property on behalf of Wells Fargo. Alexander was improperly joined because the Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors. *See* § 51.007(f) (West 2007).[3] Rojas does not provide any allegations that Alexander was acting in bad faith, and therefore has no reasonable basis for recovery. *See, e.g., R&L Inv. Prop., LLC v. Green*, No. 3:12-CV-4171-O, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee."); *Williams v. Wells Fargo Bank*, No. 4:13-cv-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014). There are no factual statements supporting the conclusion that Alexander was not acting in good faith when she acted at the request of Wells Fargo. Therefore, there is no reasonable basis for recovery asserted, and Alexander was improperly

---

[3] A trustee "shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the . . . mortgagee or their respective attorney, agent, or representative. . . ."

joined. *See generally Smallwood*, 385 F.3d at 572–73; *Twombly*, 550 U.S. at 555–59.

Finally, BDFTE was improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client. *See Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 440–41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Bradt v. West*, 892 S.W.2d 56, 71–72 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We have previously held that BDFTE has immunity for its acts as foreclosure counsel. *See Iqbal v. Bank of America, N.A.*, No. 13-50218, 2014 WL 1017101, at *2 (5th Cir. Mar. 18, 2014) (unpublished).[4] Finally, Rojas failed to allege any fraudulent, knowingly fraudulent, or wrongful action on the part of BDFTE in its acts as foreclosure counsel beyond mere legal conclusions, and therefore, there is no reasonable basis for recovery. *See generally Twombly*, 550 U.S. at 555–59.

Because the district court properly found that HLC, Alexander, and BDFTE were improperly joined, it did not err in dismissing them, and complete diversity existed between the remaining parties. *See, e.g., Smallwood*, 385 F.3d at 572–73. Therefore, the district court did not err in denying Rojas's motion to remand.

B. Grant of the Defendants' Rule 12(b)(6) Motions

We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, and we construe the facts in the light most favorable to the nonmoving party. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir.

---

[4] Although *Iqbal* is not controlling precedent, we cite it for its persuasive authority and factual similarity. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

2013). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Rojas's quiet title and breach of contract claims are premised on the argument that, consistent with the Deed of Trust, the Defendants must show that they have authority to foreclose on the property, and that the authority to foreclose is limited to the holder of the Note.[5] We have repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS. *See, e.g., Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("MERS and its assigns [are permitted] to bring foreclosure actions under the Texas Property Code."); *Martins*, 722 F.3d at 253–56 (holding that the assignee of a deed of trust holds the power to foreclose). Rojas does not deny that MERS is listed as a nominee for HLC—the original lender—and its successors and assigns, and a beneficiary with the ability to foreclose; therefore, there is no question that MERS, and its assignees, had the authority to foreclose on the property. *See* TEX. PROP. CODE § 51.0001(4)(A) (West 2007) (defining a mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument"); *see also Farkas*, 737 F.3d at 342 (holding that MERS's assignee is an "appropriate party to initiate non-judicial foreclosure actions" under Section 51.0001(4)).

Rojas next argues that HSBC violated Section 12 of the Texas Civil Practice and Remedies Code by appointing a substitute trustee before the Deed of Trust was properly assigned. Section 12.002 requires, *inter alia*, that the

---

[5] Rojas claims that she is not asserting the "split-the-note" theory, which was rejected in *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–55 (5th Cir. 2013), but rather a "show me the authority to foreclose" theory. Rojas's claim is that the assignment of the Deed of Trust on the alleged fraudulent authority of MERS rendered the Deed of Trust and its power of sale void with respect to HSBC and its servicers, which is essentially the "split-the-note" theory by another name, and is inapplicable under Texas law. *See id.* at 255.

plaintiff plead that the defendant knowingly made, presented, or used a document creating a "fraudulent lien or claim" against real property with the intent to cause physical injury, financial injury, or mental anguish. Assuming, without deciding, that a document assigning a deed of trust constitutes a "lien or claim" under Section 12.002,[6] Rojas's claim fails because she did not adequately plead the statute's "injury" element.[7]  Rather, to the extent that Rojas's complaint merely parrots the language of § 12.002, her statements are legal conclusions, not allegations of fact, and therefore insufficient to state a plausible claim for relief.  *See Twombly*, 550 U.S. at 555–57 (holding that a plaintiff must do more than recite the formulaic elements of a cause of action).

Rojas's next claim is that the Defendants' failure to record every transfer of the Deed of Trust violates the notice provisions contained in Texas Local Government Code section 192.007.  However, we have previously noted that this provision is "best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments."  *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 n.27 (5th Cir. 2013).  Therefore, the district court properly dismissed this claim.

---

[6] Neither this court nor any Texas appellate court has determined whether a document assigning a deed of trust constitutes a "lien or claim" under Section 12.002, and there is currently a split among the federal district courts that have considered the issue. A majority have held that a document assigning a deed of trust does not qualify as a "lien or claim" under Section 12.002. *See, e.g., Perdomo v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629, at *5 (N.D. Tex. Mar. 18, 2013) (unpublished). Some courts, however, have concluded that the text of the statute prohibits not only the creation of fraudulent liens or claims against real property, "but also claims against an interest in real . . . property." *Howard v. JP Morgan Chase NA*, No. SA-12-CV-00440-DAE, 2013 WL 1694659, at *12 (W.D. Tex. Apr. 18, 2013) (unpublished) (citation and internal quotation marks omitted).  We need not decide the issue here.

[7] Although the district court granted the motion to dismiss on the basis that a deed of trust is not a "lien or claim," we may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record.  *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

No. 13-50884

Finally, Rojas's DTPA claim was properly dismissed because we have previously held that a mortgagor only qualifies as a consumer under the DTPA if her "primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013). Rojas is not a consumer under this definition because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction. *See id.*

AFFIRMED.