# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2016

Lyle W. Cayce
Clerk

JAMAR OSBORNE,

Plaintiff–Appellant,

v.

TRAVIS COUNTY; JULIA E. VAUGHAN,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-528

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this lawsuit challenging attorney licensure requirements in Texas, *pro se* appellant Jamar Osborne appeals the district court's final order dismissing with prejudice Osborne's claims against Defendants-Appellees Travis County, Julia E. Vaughan, and Buck Files, and denying his motion to file a second amended complaint. Osborne also challenges an earlier order denying his motion to disqualify counsel for Vaughan. Because we agree that Osborne's pleading, even if amended, fails to state a claim upon which relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may be granted, and because the district court did not abuse its discretion when it denied Osborne's motion to disqualify counsel, we AFFIRM.

I.

Osborne graduated from law school and applied for admission to the State Bar of Texas ("the Bar") in 2009 but failed the bar exam. Nevertheless, Osborne applied for a job as a Travis County attorney in early 2013. Travis County did not hire him. Later in 2013, Osborne again applied for admission to the Bar but did not attend the bar exam "due to a personal conflict." As a result, Osborne has not obtained a license to practice law in Texas. Osborne would like to practice law but cannot legally do so in Texas without a license. As the district court explained, out of this factual scenario "came a whole assortment of claims, including due process, freedom of association, antitrust, regulatory taking, professional malpractice, civil rights, equal protection, First Amendment [freedom of speech], and improper taking of property claims." *Citizens Against the Bar v. Travis Cty.*, No. A-13-CV-528-LY, 2014 WL 7338891, at *1 (W.D. Tex. Dec. 22, 2014).

Osborne initially brought this action against the State of Texas, the Texas Board of Law Examiners, the Supreme Court of Texas, and the three remaining defendants, Travis County, Julia E. Vaughan, and Buck Files. Later, Osborne voluntarily dismissed the State of Texas, the Texas Board of Law Examiners, and the Supreme Court of Texas. The remaining defendants each filed a motion to dismiss Osborne's claims against them, and Osborne filed a motion for leave to file a second amended complaint. The district court denied Osborne's motion, granted the defendants' motions to dismiss, and dismissed the action with prejudice. Osborne timely appealed.[1]

---

[1] Because Osborne timely appealed the denial of his Rule 59 motion, we have appellate jurisdiction to review the district court's previous orders granting the motions to dismiss and denying Osborne's motion to disqualify Vaughan's counsel. *See Armour v. Knowles*, 512 F.3d

No. 15-50202

II.

A.

Osborne appeals the district court's final order granting the defendants' motions to dismiss and denying Osborne's motion to file a second amended complaint.  Osborne also appeals the district court's earlier order denying his motion to disqualify counsel, in which Osborne argued that the Office of the Texas Attorney General did not have the authority to represent defendant Vaughan in this action because she was being sued in her individual capacity.

We review a district court's grant of a motion to dismiss *de novo*.[2]  *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014).  We review a denial of a motion to file an amended pleading for abuse of discretion, but when, as here, "the court's decision is based solely on futility, we review the matter de novo, using the standard for a motion to dismiss for failure to state a claim." *McClaine v. Boeing Co.*, 544 F. App'x 474, 476 (5th Cir. 2013) (citing *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) and *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010)).

The district court first determined that Osborne's claims against defendant Vaughan were barred by the Eleventh Amendment.  *Citizens Against the Bar*, 2014 WL 7338891, at \*4.  Osborne sued Vaughan for her actions as "CEO" of the Texas Board of Law Examiners ("TBLE") for violating various federal constitutional rights.  The district court construed Osborne's

---

147, 156 (5th Cir. 2007) ("An appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment."); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990) (stating that when a party appeals from a final order, the party may also challenge earlier interlocutory orders).

2 We have subject matter jurisdiction over Osborne's claims despite the *Rooker-Feldman* doctrine because Osborne's claims are "general challenges to the constitutionality of state bar admissions rules" rather than challenges to a "'state-court judgment[] rendered before the district court proceedings commenced'" that "'invit[es] district court review and rejection of th[at] judgment[].'" *Dean v. Miss. Bd. of Bar Admissions*, 326 F. App'x 760, 762 (5th Cir. 2009) (citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

claims against Vaughan as claims pursuant to 42 U.S.C. § 1983, and reasoned that because Vaughan was a state official being sued in her official capacity for damages, Vaughan was entitled to immunity from Osborne's claims under the Eleventh Amendment. *Id.*; *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court," and "[t]his bar remains in effect when State officials are sued for damages in their official capacity."). However, Osborne specifically stated in his complaint[3] that Vaughan was being sued in her "individual" capacity, and Osborne also alleged a continuing violation of federal law and requested injunctive relief, which triggers the *Ex Parte Young* doctrine.[4] The district court did not address these allegations.[5] Nevertheless, "we may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 n.7 (5th Cir. 2014) (citing *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006)). As such, we review the complaint to determine if the dismissal of Osborne's claims against Vaughan was proper.

---

[3] The complaint referenced throughout is the first amended complaint.

[4] Specifically, Osborne alleges that he "intends to reapply for a license to practice law in the near future," and "[w]ithout the Court's intervention, Defendants are likely to continue to violat[e] Plaintiff's rights." Osborne also asserts that "Defendant's violation of Plaintiff's rights has caused Plaintiff a continuous and irreparable injury for which there is no adequate remedy at law," and, therefore, he is "entitled to declaratory and injunctive relief."

[5] "Section 1983 does not provide for a remedy against the state," as "such an action is barred by the Eleventh Amendment," *Walker*, 517 F. App'x at 238 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). However, "[a] suit is not 'against' a state" when, as here, "it seeks prospective, injunctive relief from a state actor based on an alleged ongoing violation of the federal constitution." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (alterations omitted). However, to benefit from this doctrine, sometimes referred to as the *Ex Parte Young* exception, the plaintiff must sue the individual in his or her official capacity. *Id.* (stating that the "first requirement of *Ex Parte Young*" is to sue a state official in his or her official capacity). Here, Osborne expressly states that he is suing Vaughan only in her individual capacity (and he sues other defendants in their individual and official capacities). *Id.* The district court does not analyze Osborne's claims against Vaughan in her individual capacity.

No. 15-50202

Whether or not Osborne alleges an official- or individual-capacity claim against Vaughan, his claims against her fail because Osborne's complaint does not allege a plausible constitutional violation.[6]  Osborne first alleged that Vaughan violated his "right to freedom of thought" under the First and Fourteenth Amendments "by administering the Texas Bar Exam, compelling . . . Osborne to give his legal opinions and beliefs as a condition precedent for a recommendation for a license to practice law and by refusing to recommend Plaintiff for a license to practice law based on Plaintiff's opinions and beliefs." Osborne's allegations against Vaughan do not make out a plausible constitutional violation.  First, Osborne is free to think any thought of any kind regardless of whether he must pass the Texas bar exam to obtain a law license. Second, both the Supreme Court and this circuit have recognized the constitutionality of state licensure requirements for the practice of law, including the requirement that an applicant must show a certain level of competency in the law by, for example, passing a bar exam.  *See Sperry v. Florida ex rel. Fla. Bar*, 373 U.S. 379, 383 (1963) (acknowledging that a state "has a substantial interest in regulating the practice of law within the State"); *Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 238–39 (1957) ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or

---

[6] To assert a plausible individual-capacity claim, Osborne must show a violation of his federal constitutional or statutory rights.  *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999) ("The doctrine of qualified immunity shields a state official from personal liability for damages under 42 U.S.C. § 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights, 'unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded.'").  A viable official-capacity claim, even when the *Ex Parte Young* exception is implicated, must also allege a plausible constitutional violation.  *NioGen Biotech*, 804 F.3d at 394.

capacity to practice law."); *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979) ("It seems clear that there is no constitutional guarantee of the right to practice law without examination.").[7]    "The Constitution proscribes only those qualifications or requirements which have no rational connection with an applicant's fitness or capacity to practice law." *Attwell*, 608 F.2d at 230 (citing *Schware*, 353 U.S. at 239).  Osborne has not alleged any facts showing how the Texas bar exam requirement fails to "have a rational connection with the applicant's fitness or capacity to practice law." *Schware*, 353 U.S. at 239.

Osborne also alleged that Vaughan deprived Osborne of his procedural due process rights by refusing to issue him a refund of the fee he paid to apply to the State Bar of Texas ("application fee").  To state such a claim for deprivation of due process, Osborne must allege a constitutionally protected property interest, among other elements.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985) (stating that the plaintiffs' due process claim "depends on their having had a property right" in the thing of which they were deprived by the state).  Here, Osborne's complaint fails to show how he retained a constitutionally protected property interest in his money after paying the nonrefundable application fee.  Because both of Osborne's claims against defendant Vaughan fail, we AFFIRM the district court's dismissal of these claims.

With regard to defendant Buck, Osborne alleged that Buck, as "President of the Texas Bar," "deliberately placed an undue burden" on the

---

[7] *See also Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50–52 & n.11 (1961) (stating, in the context of a challenge to state law licensure requirements, that when a requirement to answer certain questions "is outweighed by the State's interest in ascertaining the fitness of the employee for the post he holds," "such questioning does not infringe constitutional protections"; and also noting that "the First Amendment immunity for speech, press and assembly has to be reconciled with valid but conflicting governmental interests"); *Nat'l Ass'n for the Advanc. of Multijur. Practice v. Berch*, 773 F.3d 1037 (9th Cir. 2014) (rejecting First and Fourteenth Amendment challenges to Arizona's bar exam requirement).

right of Osborne's brother, Mikal Osborne, to petition the courts by inadequately regulating attorney's fees.  The district court reasoned that Osborne failed to allege facts showing that Mikal Osborne had any trouble petitioning the courts, as Mikal Osborne did in fact litigate his dispute that related to the high attorney's fees and was one of the plaintiffs who brought this action.  *Citizens Against the Bar*, 2014 WL 7338891, at *5.  We agree that no facts show any burden on Mikal Osborne's ability to petition the courts and AFFIRM the district court's dismissal of Osborne's claims against Buck.

Finally, Osborne alleged that defendant Travis County violated Title VII of the Civil Rights Act of 1964 by only hiring applicants with law licenses for its attorney positions.  Osborne alleges that this practice has a disparate impact on African-Americans because a lower percentage of African-American bar applicants passed the Texas bar exam in 2004, as compared to Caucasian bar applicants.  "To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show: (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two."  *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 275 (5th Cir. 2008).  As the district court explained, Osborne failed to make such a showing because the only statistical evidence supplied by Osborne relates to the bar exam, which "itself is not an 'employment practice' of Travis County" and, moreover, provides no information on the effect on African-Americans of Travis County's practice of only hiring licensed attorneys when compared to overall "pool of applicants."  *See Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 379–80 (5th Cir. 2007) (holding that appellant failed to allege a *prima facie* case of disparate impact discrimination when her statistics were "not properly tailored" to the alleged discrimination); *Citizens Against the Bar*, 2014 WL

7338891, at *5–*6. We agree with the district court and AFFIRM the dismissal of Osborne's claims against Travis County.

Upon review of the relevant filings, we also AFFIRM the denial of Osborne's motion to file a second amended complaint for essentially the reasons set forth in the district court's December 22, 2014, order. *See Citizens Against the Bar*, 2014 WL 7338891, at *2–*4.

B.

We review a district court's denial of a motion to disqualify counsel for abuse of discretion. *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009). Defendant Vaughan, who was sued for her actions as the Executive Director of the TBLE, is represented by the Office of the Attorney General of Texas ("AG's Office"). Osborne asserted that the AG's Office did not have legal authority to represent Vaughan because Osborne was suing her in her individual capacity. The district court denied the motion because the TBLE is a state governmental entity formed under Texas law, and the AG's Office "has constitutional and statutory authority" to represent state officials and employees "in all actions in which the State has an interest," regardless of whether the state employee or official is sued in his or her official or individual capacity. Because the district court's order did not make clearly erroneous factual findings or errors of law, we AFFIRM. *See In re ProEducation Int'l*, 587 F.3d at 299.

AFFIRMED.