

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00556-CV

_____

COREY MORRELL, Appellant

V.

FROST BANK, FRIDGE & RESENDEZ, P.C., AND JOHN R. RESENDEZ,
Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-364031-25

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

This is an accelerated appeal pursuant to the Texas Citizens Participation Act (TCPA). *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011; *see also id.* § 27.008(b); *Bauta v. Mulvey*, 646 S.W.3d 347, 351 (Tex. App.—Corpus Christi–Edinburg 2022, pet. denied) (acknowledging that appeal taken from an order granting a motion to dismiss under the TCPA was an accelerated appeal). Appellant Corey Morrell, acting pro se, contends that the trial court erred by (1) granting the TCPA dismissal motions filed by Appellee Frost Bank as well as Appellees Fridge & Resendez, P.C. and John Resendez (collectively, the Resendez Firm); (2) denying his request to conduct "specified and limited discovery" under TCPA Section 27.006(b); and (3) awarding Frost attorney's fees. We affirm.

## I. BACKGROUND

In 2004, Frost obtained a default judgment against Morrell. After obtaining the judgment, Frost engaged the Resendez Firm to enforce the judgment by, among other things, filing an abstract of judgment in the Johnson County deed records and seeking writs of execution.

In 2025, Morrell sued Frost and the Resendez Firm based on the actions that they took to enforce the judgment. Morrell asserted causes of action for fraudulent lien filing, abuse of process, and violations of the Texas Debt Collection Act (TDCA) against both Frost and the Resendez Firm; causes of action for vicarious liability and

negligent hiring and supervision against Frost; and a TDCA bond-violation cause of action against the Resendez Firm.[1]

Both Frost and the Resendez Firm filed motions to dismiss Morrell's claims under the TCPA on the grounds that they infringed on their right to petition. Morrell filed responses to both motions in which he argued, among other things, that the commercial-speech TCPA exemption applies to his claims; that even if the exemption does not apply, his claims do not fall within the TCPA's scope; and that he had presented clear and specific evidence of each element of his claims. In his responses, he also conditionally requested leave to conduct "targeted," "narrowly tailored" discovery under TCPA Section 27.006(b) in the event that the trial court determined that he had not presented sufficient evidence to support his claims.

In September 2025, the trial court held a hearing on Frost's TCPA motion. Despite receiving actual notice of the hearing, Morrell neither appeared nor filed a motion for continuance.[2] After the trial court orally granted Frost's TCPA motion, Frost filed a motion for entry of final judgment that included a declaration providing evidence of its attorney's fees. The trial court then signed a judgment dismissing

---

[1]In addition to monetary damages, Morrell sought a permanent injunction against Frost "barring" it from engaging in "any further post[]judgment enforcement efforts."

[2]The trial court noted for the record that it had received an email from Morrell indicating that he would be unable to attend the scheduled hearing because he was "on vacation."

Morrell's claims against Frost with prejudice and awarding Frost $43,330.47 in attorney's fees.

Following the hearing on Frost's TCPA motion, the trial court heard the Resendez Firm's TCPA motion by submission. After considering the motion and Morrell's response, the trial court signed an order granting the motion and dismissing all of Morrell's claims against the Resendez Firm.

This appeal followed.

## II. DISCUSSION

In what amounts to three issues,[3] Morrell contends that the trial court erred by (1) granting Frost's and the Resendez Firm's TCPA motions, (2) denying his request to conduct discovery under TCPA Section 27.006(b), and (3) awarding Frost attorney's fees. We disagree on all fronts.

---

[3]In his brief, Morrell enumerates fourteen issues. However, all but three of these issues—his third, tenth, and eleventh—pertain to the overarching question of whether the trial court erred by granting Frost's and the Resendez Firm's TCPA motions to dismiss. Accordingly, we will treat these issues as a single complaint. *See Grant v. Finecy*, No. 02-23-00310-CV, 2023 WL 8940395, at *2 n.3 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.). Morrell's eleventh issue raises a cumulative-error complaint, but because—as detailed below—we conclude that the trial court committed no error, there is no harm to cumulate. *See Anderson v. G & S Auto of Fort Worth VI, LLC*, No. 02-25-00063-CV, 2025 WL 3039141, at *8 (Tex. App.—Fort Worth Oct. 30, 2025, pet. denied).

4

## A. Standard of Review and Governing Law

The TCPA—commonly referred to as Texas's anti-SLAPP[4] statute—is intended to "protect[] citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *see* Tex. Civ. Prac. & Rem. Code § 27.002 (summarizing TCPA's purpose as "encourag[ing] and safeguard[ing] the constitutional rights of persons . . . and, at the same time, protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury").

A party who moves for dismissal under the TCPA invokes a three-step, burden-shifting process: (1) first, the movant seeking dismissal must demonstrate that a "legal action" has been brought against him and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) then the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; and (3) finally, the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which he is entitled to judgment as a matter of law. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b)–(d); *Miller v. Schupp*, No. 02-21-00107-CV, 2022 WL 60606, at *1 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.). When reviewing a trial court's determination as to whether the

---

[4]SLAPP stands for Strategic Lawsuit Against Public Participation. *See Windsor v. Round*, 591 S.W.3d 654, 658 (Tex. App.—Waco 2019, pet. denied).

parties have satisfied their respective burdens,[5] we consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based," and we view all of these in a light most favorable to the nonmovant. Tex. Civ. Prac. & Rem. Code § 27.006(a); *see Maggret v. Ramsey's Rods & Restoration*, No. 02-20-00395-CV, 2021 WL 2253244, at *2 (Tex. App.—Fort Worth June 3, 2021, no pet.); *Stallion Oilfield Servs., Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214 (Tex. App.—Eastland 2019, pet. denied).

---

[5]Morrell complains that the trial court failed to perform the required three-step, burden-shifting analysis because its "written order[s] . . . contain[] no explanation" of the trial court's reasoning and instead merely state that the Appellees' TCPA motions are granted. But he has cited no authority indicating that a trial court is required to conduct the three-step, burden-shifting analysis on the record—or otherwise set forth its findings and conclusions—when ruling on a TCPA motion. *See* Tex. R. App. P. 38.1(i). And the only authority that we have found is to the contrary. *See, e.g.*, *Cavin v. Abbott*, No. 03-23-00541-CV, 2025 WL 2248705, at *5 (Tex. App.—Austin Aug. 7, 2025, no pet.); *see also Greer v. Abraham*, 489 S.W.3d 440, 443 & n.3 (Tex. 2016) (noting that the only finding that the TCPA requires a trial court to make is whether the action was brought "to deter or prevent [the TCPA movant] from exercising constitutional rights, . . . for an improper purpose, []or to harass, delay, or to increase the cost of litigation" in the event that it awards sanctions and pointing out that "[t]he [TCPA] does not otherwise expressly address findings of fact and conclusions of law"). Further, because rulings on TCPA motions are subject to de novo review, even if the trial court were required to set forth its findings and conclusions, the failure to do so would not constitute reversible error. *See, e.g.*, *Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (recognizing that "where the . . . only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error" (citing *Off. of the Att'y Gen. of Tex. v. Wilson*, 24 S.W.3d 902, 905 (Tex. App.—Dallas 2000, no pet.))).

A party can avoid the TCPA's burden-shifting requirements by demonstrating that one of the statutory exemptions—such as the commercial-speech exemption—applies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018); *Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *7 (Tex. App.—Dallas May 15, 2019, no pet.). The party asserting the exemption bears the burden of proving that it applies.[6] *Grant*, 2023 WL 8940395, at *3; *Temple v. Cortez Law Firm, PLLC*,

---

[6]Although the TCPA itself does not state a requisite standard of proof, the Fourteenth Court of Appeals has held that a party asserting an exemption must prove it by a preponderance of the evidence. *See Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *10 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied). While this court has previously applied the *Abatecola* preponderance-of-the-evidence standard without any substantive analysis, *see, e.g.*, *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 445 (Tex. App.—Fort Worth 2023, pet. denied); *VetMoves v. Lone Star Veterinarian Mobile Surgical Specialists, PC*, No. 02-19-00340-CV, 2020 WL 1887770, at *3 & n.4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.), we note that employing a preponderance burden of proof is inconsistent with the summary-judgment principles governing TCPA proceedings, *see* Tex. Civ. Prac. & Rem. Code § 27.006(a); *Garcia v. Semler*, 663 S.W.3d 270, 276–77 (Tex. App.—Dallas 2022, no pet.) (stating that the TCPA provides the same disposal framework as Rule 166a and noting that the Texas Legislature "conformed TCPA [notice-and-response] procedure to summary-judgment procedure when it amended [TCPA Section] 27.003 in 2019"); *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 186 (Tex. App.—Austin 2020, no pet.) ("[W]hen invoked, the TCPA provides procedures and remedies allowing for summary dismissal of cases—of all types—before a full adjudication of the merits takes place . . . , similar to that of a summary-judgment proceeding."). Nevertheless, because—as discussed below—Morrell presented no evidence to support certain of the commercial-speech exemption's essential elements, we need not address whether a different standard should be applied.

657 S.W.3d 337, 343 (Tex. App.—Dallas 2022, no pet.) (citing *Clean Energy v. Trillium Transp. Fuels, LLC*, No. 05-18-01228-CV, 2019 WL 3212145, at \*3 (Tex. App.—Dallas July 9, 2019, no pet.)). The factual allegations contained in the pleadings may alone be sufficient to demonstrate that the claims' nature is such that they are statutorily exempt without need of additional proof. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 480 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd); *see Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 WL 6839568, at \*7 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (determining whether the commercial-speech exemption applies by examining plaintiff's petition). In addition to the factual allegations, the court may consider other evidence enumerated in TCPA Section 27.006(a), such as affidavits stating the facts on which liability is based. *Abatecola*, 2018 WL 3118601, at \*10. However, conclusory and vague allegations do not constitute competent evidence. *Avid Square Constr., LLC v. Valcon Consulting, LLC*, No. 02-22-00297-CV, 2023 WL 3113950, at \*5 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.).

We review a trial court's ruling on a TCPA motion to dismiss—including the applicability of any statutory exemption—de novo. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021); *Hanna v. Williams*, 681 S.W.3d 416, 422 (Tex. App.—Austin 2023, pets. denied) (op. on reh'g); *Miller*, 2022 WL 60606, at \*1–2.

8

## B. TCPA Analysis

### 1. Step One: The TCPA Applies to Morrell's Claims

To carry its burden under the TCPA's first step, a movant must "demonstrate[] that the legal action is based on or is in response to" a protected legal right. Tex. Civ. Prac. & Rem. Code § 27.005(b). Appellees assert that the TCPA applies to Morrell's claims because they are based on or in response to Appellees' exercise of their right to petition. *See id.* §§ 27.001(4), 27.005(b)(1)(B). We agree.

All of Morrell's claims are based on Appellees' efforts to enforce Frost's default judgment, including filing an abstract of judgment and requesting writs of execution. And Texas courts have held that engaging in such postjudgment collection activities constitutes the exercise of the right to petition for TCPA purposes. *See Lingle v. Sage Architecture, Inc.*, No. 04-24-00633-CV, 2025 WL 2058073, at *3 (Tex. App.—San Antonio July 23, 2025, no pet.); *Connor v. McMahan*, No. 03-23-00224-CV, 2024 WL 5248528, at *4 (Tex. App.—Austin Dec. 31, 2024, pet. denied); *see also Lease Acceptance Corp. v. Hernandez*, No. 13-18-00598-CV, 2020 WL 1181248, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, no pet.) (holding that attorney's letter seeking collection of out-of-state judgment was an exercise of the right to petition). Accordingly, Appellees satisfied their step-one burden to show that

9

Morrell's claims fall within the TCPA's scope.[7] *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *Lingle*, 2025 WL 2058073, at *3.

### 2. The Commercial-Speech Exemption Does Not Apply

Morrell argues that even if his claims are based on Appellees' exercise of a protected right, they nevertheless may not be dismissed under the TCPA because the commercial-speech exemption applies. *See* Tex. Civ. Prac. & Rem. Code § 27.010(a)(2); *see also Grant*, 2023 WL 8940395, at *3 (explaining that "[i]f the nonmovant proves that an exemption applies to a particular legal action, that action may not be dismissed under the TCPA, and the nonmovant is relieved from making a prima facie case"). We disagree.

> The commercial-speech exemption provides that the TCPA does not apply to
>
> a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

Tex. Civ. Prac. & Rem. Code § 27.010(a)(2). To demonstrate that this exemption applies, a party must show that:

---

[7]Morrell mistakenly argues that to satisfy their step-one burden, Appellees were required to show that their exercise of the right to petition related to a matter of public concern. But this argument betrays Morrell's misunderstanding of the TCPA. As noted by Appellees, although the TCPA's definitions of the "exercise of the right of association" and the "exercise of the right of free speech" both include a matter-of-public-concern element, its definition of the "exercise of the right to petition" does not. *See* Tex. Civ. Prac. & Rem. Code § 27.001(2)–(4).

10

(1) the defendant was primarily engaged in the business of selling or leasing goods [or services],

(2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services,

(3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and

(4) the intended audience of the statement or conduct w[as] actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*NexPoint Advisors, L.P.*, 674 S.W.3d at 446 (citing *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018)).

Morrell failed to prove all of these essential elements. Even if we were to assume that Appellees are primarily engaged in the business of selling or leasing goods or services (despite the fact that Morrell presented no evidence to support this element), he failed to show that they engaged in the conduct giving rise to his claims in their "capacity as a seller or lessor of those goods or services" or that "the intended audience of the . . . conduct" was Appellees' "potential customers . . . for the kind of goods or services [that they] provide[]." *Id.* Morrell's claims were based on steps that Appellees had taken to enforce a judgment against him. He did not sue Frost based on actions that it had taken in its capacity as a seller of financial services; rather, he sued it based on actions that it had taken as a judgment creditor. Similarly, Morrell sued the Resendez Firm based on alleged communications that it had sent in its capacity as Frost's counsel, not based on any statements that it had made or actions

11

that it had taken in its capacity as a seller of legal services (to Frost, to Morrell, or to anyone else). Further, there is nothing in the record to suggest that Appellees' complained-of conduct was targeted at potential or actual customers of their services.[8] Indeed, given the nature of the complained-of conduct—efforts to collect a judgment against a specific debtor—it is difficult to fathom how that could have been the case.

Accordingly, we conclude that the commercial-speech exemption does not apply.

### 3. Step Two: Morrell Failed To Present Clear and Specific Evidence of His Claims' Essential Elements

Having concluded that Appellees satisfied their initial burden to show that the TCPA applies to Morrell's claims and that the commercial-speech exemption does not apply, we must determine whether Morrell carried his burden under the TCPA's

---

[8]We note that loaning money is generally not considered a service. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173–76 (Tex. 1980) (holding that money is currency of exchange that enables holder to acquire goods and that an attempt to acquire money or use of money is not an attempt to acquire services); *HHH Farms, L.L.C. v. Fannin Bank*, 648 S.W.3d 387, 417 (Tex. App.—Texarkana 2022, pets. denied) ("Generally, a person cannot qualify as a consumer [under the DTPA] if the underlying transaction is a pure loan because money is considered neither a good nor a service." (quoting *Fix v. Flagstar Bank*, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, pet. denied)); *cf. Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, 2019 WL 1615356, at *8 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) (recognizing that although a mortgagor may qualify as a consumer under the DTPA if his primary objective in obtaining a loan was to acquire a good or service, "a mortgagor challenging how an existing mortgage is serviced is not a consumer" for DTPA purposes "because the basis of the claim is 'the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction'" (citing *Rojas v. Wells Fargo Bank*, 571 F. App'x 274, 279 (5th Cir. 2014)))). Therefore, Morrell cannot be considered a customer of any services offered by Frost.

second step to establish each essential element of his claims by clear and specific evidence. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c); *Lyden v. Aldridge*, No. 02-23-00227-CV, 2023 WL 6631528, at *3 (Tex. App.—Fort Worth Oct. 12, 2023, no pet.). We conclude that he did not.

In his brief, Morrell points solely to the "verified declaration" that he included with his response to the Resendez Firm's TCPA motion to show that he carried his step-two burden.[9] Thus, he effectively concedes that he presented no evidence in response to Frost's TCPA motion.[10] And even setting aside his declaration's formal defectiveness,[11] it falls woefully short of establishing the essential elements of his claims against the Resendez Firm.

---

[9]Citing no authority, Morrell alternatively argues that he should be relieved of his step-two burden because the trial court erred by denying his discovery request under TCPA Section 27.006(b). *See* Tex. Civ. Prac. & Rem. Code § 27.006(b). But because—as discussed below—Morrell never sought a hearing on his discovery request or took any other steps to obtain a ruling on it, we reject this alternative argument.

[10]Morrell did not file his response to the Resendez Firm's TCPA motion until after the trial court had orally granted Frost's TCPA motion. Thus, the declaration was not part of the record when the trial court ruled on Frost's motion.

[11]As the Resendez Firm points out, because Morrell's declaration does not include his date of birth, it lacks the statutorily required jurat that would allow it to be used in lieu of a sworn affidavit. *See* Tex. Civ. Prac. & Rem. Code § 132.001(d) (providing that an unsworn declaration used in lieu of an affidavit must include a jurat in substantially the prescribed form, which includes the declarant's date of birth); *Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702 & n.15 (Tex. 2019) (holding that purported declaration "provide[d] no support" for appellee's motion because it lacked the statutorily required jurat).

Morrell's fraudulent-lien-filing, abuse-of-process, and TDCA claims against the Resendez Firm are all premised on the notion that Frost's judgment against him "was voidable or dormant" at the time that they performed postjudgment collection activities on Frost's behalf. But Morrell's declaration merely recites that he "contended" that the judgment "was voidable/dormant" when these postjudgment collection activities were performed; it offers no evidentiary support for this contention. And with regard to his TDCA bond-violation claim, Morrell's declaration contains no evidence showing that the Resendez Firm constitutes a "third-party debt collector" who is required to file a bond under the TDCA,[12] *see* Tex. Fin. Code §§ 392.001(7), .101(a), and states merely that "[t]o [Morrell's] knowledge, [he] ha[s] not located any evidence" that it filed the required bond. It does not detail what efforts, if any, he took to find any such evidence. [*Id.*] Further, it contains no evidence of any damages that he may have suffered as a result of the Resendez Firm's failure to file a bond. *See id.* § 392.403(a).[13]

---

[12]Indeed, Morrell did not even allege in his petition that the Resendez Firm constitutes a third-party debt collector. Instead, he alleged that it is a "debt collector," a separately defined category of persons under the TDCA to whom the bond-filing requirement does not apply. *See* Tex. Fin. Code §§ 392.001(6), .101(a).

[13]Finance Code Section 392.403(a) provides that a person may sue for "injunctive relief to prevent or restrain" a TDCA violation or for "actual damages sustained as a result of" such a violation. Tex. Fin. Code § 392.403(a). Because Morrell did not seek injunctive relief against the Resendez Firm in his petition, he was required to show actual damages to prevail on his TDCA bond-violation claim. *See Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *14

14

Because Morrell failed to present clear and specific evidence of his claims' essential elements, we conclude that the trial court did not err by granting Appellees' TCPA motions and dismissing all of Morrell's causes of action.[14] *See* Tex. Civ. Prac. & Rem. Code § 27.005(b), (c). Accordingly, we overrule Morrell's first issue.

## C. Discovery Request

In what we treat as his second issue, Morrell contends that the trial court abused its discretion by declining to grant his request for limited discovery under TCPA Section 27.006(b). *See id.* § 27.006(b). But Morrell has pointed to nothing in the record showing that he took the necessary steps to bring this request to the trial court's attention or to obtain a ruling on it. *See* Tex. R. App. P. 33.1(a); *Child Support 2 Collect, Inc. v. Anz*, No. 05-20-00165-CV, 2022 WL 908948, at *4 (Tex. App.—Dallas

---

(Tex. App.—Fort Worth Aug. 22, 2013, pet. denied); *Elston v. Resolution Servs.*, 950 S.W.2d 180, 183–84 (Tex. App.—Austin 1997, no writ).

[14]Even if Morrell's declaration were sufficient to satisfy his step-two burden as to his claims against the Resendez Firm, dismissal of these claims (with the possible exception of his TDCA bond-violation cause of action) would nevertheless be appropriate because the record reflects that they are barred by the applicable statutes of limitations. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d); *see also id.* § 16.004(a)(4) (providing that the limitations period for a fraudulent-lien-filing claim is four years); *Whitelock v. Stewart*, No. 10-23-00132-CV, 2025 WL 2473021, at *5 (Tex. App.—Waco Aug. 28, 2025, no pet.) (recognizing that the limitations period for an abuse-of-process claim is two years (citing *Wohlfahrt v. Holloway*, No. 01-99-00205-CV, 2001 WL 84212, at *4 (Tex. App.—Houston [1st Dist.] Feb. 1, 2001, pet. denied) (not designated for publication))); *Williams v. PHH Mortg. Corp.*, 604 F. Supp. 3d 552, 554–56 (S.D. Tex. 2022) (recognizing that Texas courts are split regarding whether TDCA violations are subject to a two- or four-year limitations period and holding that a two-year limitations period should be applied to such claims).

Mar. 29, 2022, no pet.) (op. on reh'g) ("Generally, the movant on a motion has the burden to set a hearing on the motion." (citing *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied))); *see also Anderson*, 2025 WL 3039141, at *7–8 (overruling appellant's complaint about trial court's failure to act on certain motions because appellant "ha[d] pointed to nothing in the record showing that he [had taken] the necessary steps to have these motions set for hearing or submission"). Indeed, as noted, Morrell failed to attend the hearing on Frost's TCPA motion where he could have presented oral argument to support his discovery request and could have made the requisite showing of good cause under Section 27.006(b). *See* Tex. Civ. Prac. & Rem. Code § 27.006(b); *cf. Bauta*, 646 S.W.3d at 358 (holding that trial court had not abused its discretion by denying appellant's Section 27.006(b) discovery request because, inter alia, appellant had not "articulate[d] how he [had] met the requirement of 'good cause'"). Because Morrell did not obtain a ruling on his motion for limited discovery, he failed to preserve any appellate complaints pertaining to this motion. *See Drew v. Belver*, No. 04-20-00483-CV, 2021 WL 3518541, at *3 (Tex. App.—San Antonio Aug. 11, 2021, pet. denied).

Accordingly, we overrule Morrell's second issue.

### D. Attorney's Fees

In what we treat as his third issue, Morrell contends that the trial court abused its discretion by awarding Frost $43,330.47 in attorney's fees because (1) the granting of Frost's TCPA motion was erroneous and (2) the record contains insufficient

16

evidence to support the award. Having already concluded that the trial court did not err by granting Frost's TCPA motion, we will focus on Morrell's evidentiary complaint.

If a trial court dismisses a suit under the TCPA, it "shall award to the moving party court costs and reasonable attorney's fees incurred." Tex. Civ. Prac. & Rem. Code § 27.009(a)(1). A reasonable fee is "one that is not excessive or extreme, but rather moderate or fair." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (quoting *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)). What is "reasonable" rests in the sound discretion of the trial court. *See id.* "A trial court abuses its discretion when its award is arbitrary, unreasonable, and without reference to guiding principles." *Davis v. Crawford*, 700 S.W.3d 438, 452 (Tex. App.—Eastland 2024, no pet.). No abuse of discretion occurs as long as some substantive and probative evidence supports the trial court's decision. *See Darrigan v. Am. Prospect, Inc.*, No. 02-24-00061-CV, 2025 WL 2423579, at *18 (Tex. App.—Fort Worth Aug. 21, 2025, pet. denied).

Having reviewed the record, we cannot conclude that the trial court abused its discretion by awarding Frost $43,330.47 in attorney's fees. Frost provided a declaration from one of its attorneys, Sarah Santos, that set forth her qualifications, her opinion regarding reasonable attorney's fees, and the basis for her opinion. The declaration also included a detailed chart describing the work performed, the number of hours spent on various categories of tasks, the timekeepers' hourly rates, and the

17

total amount of fees incurred. Because Santos's declaration and supporting documentation were clear, direct, positive, free from inaccuracies, and uncontroverted, they sufficiently supported the trial court's award of attorney's fees. *See Huey-You v. Huey-You*, No. 02-16-00332-CV, 2017 WL 4053943, at \*3 (Tex. App.—Fort Worth Sept. 14, 2017, no pet.); *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 514 (Tex. App.—Fort Worth 2011, pet. denied).

We overrule Morrell's third issue.

### III. CONCLUSION

Having overruled all of Morrell's issues, we affirm the trial court's orders granting Appellees' TCPA motions.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 18, 2026